MARGARET DEVLIN, Appellant, v. THE MAYOR, ALDERMEN AND
COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Under the provisions of the act of 1888 (Chap. 191, Laws of 1888), to pro-
vide for the acquisition of sites for school buildings in the city of New
York, which declare (§ 3) that as soon as the report of the commissioners
appointed to estimate damages is confirmed by the court, the mayor,
etc., shall become and be seized in fee of the lands included in the report,
and that (§ 4) the comptroller shall pay the compensation awarded to the
persons entitled thereto, "with lawful interest from the date of such
confirmation, and in default thereof within four months after the date
of such confirmation," that such person may "sue for and recover the
same, with lawful interest from and after demand thereof," the interest
is part of the compensation which is provided for by the statute, and is
in no sense damages for the failure of the city to pay, and no separate
demand thereof is necessary in case the principal sum awarded is paid
within the four months.

Where, therefore, the comptroller, within the four months, paid the sum
awarded, but refused to pay interest thereon, and the owner received
the same under protest, claiming interest from date of the award, *held*,
that an action was maintainable to recover such interest without making
demand therefor.

*Cutter* v. *Mayor, etc.* (92 N. Y. 166), distinguished.

*It seems* that, in case of neglect upon the part of the city to pay within the
four months, the person entitled to the award may, at any time there-
after, make a demand, and then may sue for and recover the amount of
the award, with interest added thereto for the four months and interest
on the whole sum from the time of the demand; to stop interest during
the four months, the city authorities must seek the owner and pay or
tender the amount with interest; after the four months, the interest
depends upon demand.

*Devlin* v. *Mayor, etc.* (60 Hun, 68), reversed.

(Argued January 21, 1892; decided February 9, 1892.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made April 17, 1891,
which reversed a judgment in favor of plaintiff entered upon
a verdict directed by the court and granted a new trial.

This action was brought to recover interest upon $61,500,
the amount of an award to plaintiff for land taken by defend-
ant under chapter 191 of the Laws of 1888, "An act to pro-

vide for the acquisition of sites for school buildings by the board of education of the city of New York," from July 5, 1889, the date on which the report of the commissioners appointed in the proceeding was confirmed, said amount having been paid to plaintiff September 20, 1889, without interest.

Further facts are stated in the opinion.

*Charles Edward Souther* for appellant. The comptroller has four months in which to pay the amount of the award, and when he pays must include therewith the amount of the interest upon it from the date of confirmation to the date of its payment, and upon his failure so to pay within the four months, the aggregate of the two amounts may be sued for and recovered, with interest upon it from and after a demand. (Laws of 1888, 254, § 4; *Irwin* v. *Mayor, etc.,* 31 N. Y. S. R. 104; 63 Hun, 642.)

*D. J. Dean* for respondent. In this case interest ran not from the confirmation of the commissioner's report, but from the demand, if any, upon the comptroller. (*Irwin* v. *Mayor, etc.,* 31 N. Y. S. R. 104; *Southwick* v. *F. N. Bank,* 84 N. Y. 420.) There was no sufficient demand made by plaintiff to entitle her to interest. (*Astor* v. *Miller,* 2 Paige, 68; *Astor* v. *Hoyt,* 5 Wend. 602; *Gillespie* v. *Mayor, etc.,* 3 Edw. Ch. 512; *Cutter* v. *Mayor, etc.,* 92 N. Y. 166.) The payment of interest was waived by the act of the plaintiff. (*Cutter* v. *Mayor, etc.,* 92 N. Y. 166; Laws of 1813, chap. 86; Laws of 1888, chap. 191, § 4; *McCreery* v. *Day,* 119 N. Y. 1; *Johnston* v. *Brannan,* 5 Johns. 267; *Fake* v. *Eddy,* 15 Wend. 76.) Under any circumstances the city would become liable to pay interest upon the award only as damages for the wrongful detention of the sum awarded to the plaintiff, and for negligent default in the duty of payment. (*Watkins* v. *Morgan,* 6 C. & P. 661; *Cameron* v. *Smith,* 2 B. & A. 305; *Brewster* v. *Wakefield,* 22 How. Pr. 118; *Young* v. *Godbe,* 15 Wall. 562; *Burnkesil* v. *Firman,* 22 id. 170; *U. S.* v. *Sherman,* 8 Otto,

565; *Holden* v. *F. S. & T. Co.*, 100 U. S. 72; *Van Rens-selaer* v. *Jewett*, 2 N. Y. 135; *Brainard* v. *Jones*, 18 id. 35; *Hamilton* v. *Van Rensselaer*, 43 id. 244; *Eaton* v. *Poisson-ault*, 67 Me. 540; *Pearce* v. *Hennessy*, 10 R. I. 223; *Suffield* v. *Loomis*, 42 Conn. 570; *Ludwick* v. *Huntzinger*, 5 W. & S. 51–59; *McLean* v. *Abrams*, 2 Nev. 99.)

PECKHAM, J.   The award made by the commissioners to estimate the damages to the plaintiff as owner for land taken was confirmed on the 5th of July, 1889, and on the twentieth of the following September, the city comptroller paid to the owner of the land the amount of such award, without interest. The owner received the same under protest and claimed inter-est from the date of confirmation to the date of payment. The question is whether the plaintiff is entitled to it.

The provisions regarding interest, which are found in the 4th section of chapter 191 of the Laws of 1888, providing for the acquisition of sites for school purposes in New York city, are somewhat ambiguous and confusing, yet upon a careful reading we think they can be reconciled.   As soon as the report of the commissioners to estimate damages is confirmed by the court, section three of the act enacts that the mayor, etc., shall become and be seized in fee of the lands included in the report, the same to be used for the purposes already stated in the act.   From that moment, therefore, the city becomes the owner of the lands and the former owner becomes at once entitled to his just compensation for the lands thus taken.   That compensation by this statute consists in the amount allowed by the commissioners, with interest from the date of the confirmation of the report.   This interest is part of the compensation which the statute itself provides shall be paid to the owners for their lands, and is not in any sense dam-ages for the failure to pay.   In this respect the statute differs from that referred to in *Cutter* v. *Mayor, etc.* (92 N. Y. 166), for in the case cited the statute provided for the payment to the owners within four months from the confirmation of the report, of the amount of the sum reported by the commission-

ers, or in case of neglect or default for such time, the owner after application for payment might sue for and recover the sum reported, " with lawful interest from and after the said application therefor." The statute referred ·to does not provide for the payment of interest as any part of the compensation for the land taken, because it allows the city four months in which it has the right to pay the sum awarded simply, and without any interest whatever. The interest which is given thereafter is allowed by way of damages for the default and runs only from the time of a demand.

Under this statute of 1888, if the money be paid within the four months, the owner need not particularly demand interest on the award in order to entitle him to it. It is due from the city as much as any part of the award, for in substance the interest is part thereof.

The statute, however, makes provision for a possible default of the city and a neglect on its part to pay during the four months and in that case we construe the statute as meaning that upon such expiration of four months the owner may sue for and recover the amount of the award with lawful interest added thereto for the four months during which the city should have paid, together with an interest on that total sum from the time of a demand therefor. The interest on the award for four months after the confirmation is added to the sum of the award, because the statute in effect makes it part thereof, and the total becomes the amount of the award then due. The owner at any time after the expiration of the four months may make a demand and then commence his action to recover the amount due, and he can recover the same with interest from the time of the demand. We think this reconciles the seemingly contradictory features of the statute as to the payment of interest from the time of the confirmation of the report and interest from the time of the demand. There is no way to prevent the running of interest as part of the award during the four months provided for by the statute, excepting to pay or tender the award and the interest to the time of payment or tender. If the owner do not present himself during these four months,

the city authorities if they desire to stop the interest must seek the owner and pay or tender him the amount and interest up to that time. After the expiration of the four months the interest depends upon demand.

The payment of the amount awarded by the commissioners within the four months and without interest does not, therefore, prevent the plaintiff from claiming the interest for that time. The plaintiff did not receive the amount paid as in full of her claim, but on the contrary claimed the interest and protested against its non-payment.

It is said the city was not in default for not paying while the owner allowed the mortgages to exist unsatisfied upon the premises. It is not a question of default during these four months. The statute is express and clear; the interest must be paid on the amount of the award from the time of confirmation.

The commissioners might have made their awards to the mortgagees for the amounts due on their mortgages and to the owner for the balance. As it was, the city should at least have tendered the owner the amount of the award and interest upon condition of receiving a satisfaction of the mortgages. This was not done, and we think when the money was paid in September and within the four months, the city should have included in such payment the interest on the award up to that time.

Whether interest upon this unpaid interest could be recovered between the time of the payment of the amount awarded by the commissioners and the ninteenth of December following, when a demand was made, is somewhat doubtful, but that question was not argued and the amount is but trifling.

We think the Special Term was right and for that reason the order of the General Term should be reversed and the judgment of the Special Term affirmed, with costs in all courts.

All concur.

Order reversed and judgment affirmed.