## SMITH v. CITY OF BUFFALO.

(Supreme Court, Special Term, Erie County. June 19, 1896.)

1. MUNICIPAL CORPORATIONS—CLAIMS AGAINST—INTEREST.
    Buffalo City Charter (Laws 1891, c. 105) § 105, which provides that warrants issued for the cost of repairing sewers should bear interest, does not affect the right of the holder of warrants issued in settlement of a claim for repairing sewers to demand interest from the time that his claim was audited until the warrants were issued.

2. SAME—RECOVERY AFTER PAYMENT OF PRINCIPAL.
    The holder of a claim against a city for sewer repairs does not, by acceptance of principal debt, lose his right to interest up to the time of payment where the common council had passed a resolution directing interest to be paid on such claim from the date of audit to the time the warrants were issued, which practice had been followed in previous cases.

3. INTEREST—RIGHT TO—ACCEPTANCE OF PRINCIPAL.
    Where interest is not provided for in a contract obligation under statutory authority so as to be a part of the debt itself, the acceptance of the principal sum due precludes the right afterwards to claim interest thereon.

Action by Junius S. Smith against the city of Buffalo to recover interest on certain claims against defendant. Judgment for plaintiff.

Ansley Wilcox, for plaintiff.

Charles L. Feldman, for defendant.

SPRING, J. The plaintiff brings his action to recover interest, which he asserts accrued on certain claims he held against the city of Buffalo. Thomas Dark & Sons, in pursuance of contracts with the city, performed work in 1888 and 1889 in repairing its sewers. The accounts for the work in each instance were properly audited, and were assigned to the plaintiff by the contractors. Most of these claims were arranged by the issuance of warrants to the plaintiff, although a few were paid directly by the law department of the city. The times intervening the auditing of the accounts and their payment or the issuing of the warrants where they were given varied from 16 months to over 4 years, and considerable time preceded the auditing after the completion of the work; and the contention of the plaintiff is that, after a reasonable time has elapsed after the several accounts were audited, he is entitled to interest up to the time of the issuance of the warrants, which are interest-bearing, or until payment where no warrant was issued. By the practice in vogue, and by resolution referred to later, six months have been recognized by the city authorities as a reasonable time in which to raise the money, and in his claim and computation the plaintiff deducts that period from the time following the allowance by audit and the payment or date of the warrant. By the charter of the city (sections 277, 278) the board of public works cause the sewers, etc., to be repaired, and the expense thereof is certified to the common council, and that body orders warrants to be drawn in payment thereof; and by section 105 of such charter such warrants bear interest at 5 per centum. Laws 1891, c. 105, § 105. The corporation counsel con-

tends that, the statute having fixed the warrants as interest-bearing without further legislative provision as to interest, no other is recoverable. It is well settled that when a claim is due, interest commences to run. The maturity of the demand and the inception of the interest are concurring events. People v. County of New York, 5 Cow. 331; People v. Fitch, 148 N. Y. 71–80, 42 N. E. 520. A contractor whose work has been accepted by the city is entitled to his pay, and, if the city authorities are remiss in making payment, the creditor should receive interest on his claim. It may be that a reasonable time should be given after audit to enable the money to be raised to make payment, but certainly six months are adequate. It is unjust to a contractor to withhold his earned compensation three or four years after audit, and especially so when no interest is paid on his demand during the period it is held in abeyance.

But the embarrassing question in this case is not over the right of the contractors or their assignee to collect interest on the demands after audit. That act makes a liquidation an adjustment of the verity of a judgment against the city, and, under principles that are elementary, interest would thereafter be enforceable. It is the conduct of the plaintiff that brings the serious complication into the case. In each instance as to each of the 28 claims making up his demands against the city he accepted either payment in cash or a warrant drawn under the direction of the common council in payment of the principal of these several claims. Ordinarily, the effect of such acceptance is to extinguish the interest. Generally speaking, interest is allowable as damages for the nonpayment of the principal debt, and an acceptance of this principal in full satisfaction of the claim prevents a subsequent recovery of the interest,—the incidental damages sustained by reason of the failure to make payment at maturity. Tillotson v. Preston, 3 Johns. 229; Pacific Railroad v. U. S., 158 U. S. 118, 15 Sup. Ct. 766; Middaugh v. City of Elmira, 23 Hun, 79; In re Hodgman's Estate, 140 N. Y. 421–428, 35 N. E. 660; Cutter v. Mayor, etc., 92 N. Y. 166. And where interest is allowable as damages on breach of contract, or on failure to pay when due, the fact the creditor received payment of the principal, exclusive of interest, under protest, as was done in this case, is unimportant, for the acceptance of the principal wipes out the indebtedness absolutely. Cutter v. Mayor, etc., 92 N. Y. 170, and cases there cited. In that case damages were awarded an abutting owner for widening a street, and subsequently payment of the award was made without interest, and was received under protest. There was no contract or statute providing for interest, and the court held the interest was simply damages for the detention of the money, and the acceptance of the principal operated to extinguish the claim for interest; that they were inseparable, the interest being merely an incident to the principal, and when that was destroyed by payment the interest could not continue as an independent indebtedness. It will be observed that all these cases rest upon the principle that the interest is pure and simple damages for failure to pay, and is not inherent in the demand itself. So interest has a twofold interpretation: First,

it is to reward the creditor for forbearance and to punish the delinquent for failure to pay the demand at maturity, and which are damages recoverable at the legal rate; and, second, it is allowable where it is provided for in the agreement of the parties expressly or by implication, or is prescribed by enactment. In re Clark, 137 N. Y. 95, 32 N. E. 1054. Where interest is provided for in the contract obligation or by statutory authority, it is a part of the compensation, and is, therefore, ingrafted in the debt itself; and the same principles as to its extinguishment do not obtain as where the interest is consequential to the principal and allowable as damages. The distinction is well illustrated by two cases cited by the respective counsel. In the Cutter Case, already cited, the acceptance of the principal was held to pay the entire demand expressly, because the interest was in the nature of damages. In Devlin v. City of New York, 131 N. Y. 123, 30 N. E. 45, the plaintiff was awarded damages for lands appropriated by the municipality as a site for a school building. The act permitting the acquisition of the lands by condemnation provided that upon the confirmation of the report of the commissioners appointed to appraise, the mayor, etc., should become ipso facto seised in fee of the lands appraised, and the comptroller should pay the compensation awarded, "with lawful interest from the date of such confirmation; and in default thereof within four months after the date of such confirmation" the owner "may sue for and recover the same, with lawful interest from and after demand thereof." Two months and a half after the confirmation of the report the comptroller paid the award without interest, and the plaintiff received the same under protest, asserting her right to interest from the date the award was ratified by the court. The court of appeals held the interest was a part of the compensation awarded, and the acceptance of the award did not eradicate her right to recover the balance her due, which was as essentially within the compass of the obligation as the principal itself. We have, therefore, certain general principles which I will group together so their pertinence may the more readily be apprehended: (1) Unless otherwise provided, interest usually commences to run upon the maturity of the demand; and in a contract for work that would be upon the fulfillment of the agreement. (2) Interest, especially on overdue demands, is usually allowable as damages incident to the main obligation, and for failure to pay at maturity, and when the primary obligation is paid the interest is then extinguished. (3) When interest is the result of an agreement or of a course of dealing giving rise to an implied agreement, or is prescribed by legislative authority, it is a part of the compensation, and not a mere incident. It being, then, a part of the principal indebtedness, any payment made which does not include the interest no more pays the obligation than partial payment of a promissory note discharges the debt.

The local legislative authority of the city of Buffalo is vested in the common council. On the 17th day of February, 1890, that body passed the following resolution:

"That the comptroller be and he is hereby directed to include in the estimates a sum sufficient to pay the interest on all claims for sewer repairs from six months after the dates of audit of said bills respectively to the dates when

warrants were drawn, or probably would be drawn, in favor of the contractor, upon the district sewer assessment roll for the amount of said bill."

At the time of its passage all the claims which are the basis of plaintiff's cause of action were in existence. They were all for "sewer repairs." While they had not all been audited, they were demands the city was liable to pay. The resolution, therefore, became an enactment importing in these demands interest, not as damages, but as part of the compensation to which the contractors became entitled. Presumably the resolution was complied with, as no evidence to the contrary was adduced. The money thus raised was set apart for the specific purpose of paying the interest on the claims of plaintiff and those of a similar kind. This resolution introduced no new custom into the municipal affairs. The direction thereby prescribed was in conformity to the practice then in vogue. The plaintiff had owned two other series of demands against the city for work done by contract in the repairs of sewers, and interest was paid him thereon, computing from six months after audit. He had a right to rely upon that practice. The city authorities instituted it. They gave currency to its validity as an established mode of payment. That, by implication, made the agreement as to the interest, and when clinched by the authority of the common council by an enactment directed specifically to claims of this nature, then interest was injected into the agreement as part of the compensation awarded. Both by the resolution of the common council and by implied agreement interest is recoverable on these claims, and not as damages for the detention of the pay, but as part of the agreement itself.