SAUER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. STREETS—CHANGE OF GRADE—COMPENSATION OF PROPERTY OWNER.
    An abutting property owner has no remedy at common law for incidental damages sustained by him for any improvement made in the street to facilitate public travel, even though the improvement may consist of a serious change of grade of the street, rendering his property inaccessible, and his only remedy is the payment of damages under legislative authority.

2. SAME—SUFFICIENCY OF COMPENSATION—MATERIALITY.
    Whether a legislative act will effectually compensate a property owner for the erection of a viaduct on the street in front of his property is immaterial in a suit by him to enjoin the maintenance of such viaduct.

3. SAME—EASEMENT—INJUNCTION.
    An abutting property owner has no easement in a street, the fee of which is in the city in trust for public highway purposes, for light, air, and access, as against the public, which will enable him to enjoin the construction of a viaduct thereon, under authority of the Legislature, in order to facilitate public travel.

Appeal from Special Term, New York County.

Action by George W. Sauer against the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

See 83 N. Y. Supp. 27.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Abram I. Elkus, for appellant.
Edward J. McGuire, for respondent.

LAUGHLIN, J. The plaintiff owns the premises situate at the southwesterly corner of Eighth avenue and 155th street, having a frontage of 175 feet on 155th street, and 49 feet and 11 inches on Eighth avenue. He brings this suit in equity to enjoin the defendant from using the viaduct constructed above and along 155th street,

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 925.

and to compel the removal of the same, and to recover consequential damages. The city owns the fee to 155th street and to Eighth avenue, and holds the same in trust for public highway purposes. Prior to the 15th day of June, 1887, 155th street had been regulated and graded from Eighth avenue westerly to Bradhurst avenue, which runs along the foot of a bluff about 70 feet high. One Hundred and Fifty-Fifth street as laid out upon the records ascends this bluff, and continues on westerly to the North river. It was opened, regulated, and used from the bluff toward the west, but there was no access from Bradhurst avenue up the bluff to the street above, or from the street above down. From Bradhurst avenue to the Harlem river was a substantially level plain. An elevated bridge known as McComb's Dam Bridge was constructed over the Harlem river from the easterly end of 155th street. By chapter 576, p. 787, Laws 1887, which became of force on the 15th day of June of that year the Legislature authorized the commissioner of public highways of the city of New York, with the approval of the board of estimate and apportionment, "to improve and regulate the use of 155th street" by erecting and constructing over and along 155th street from McComb's Dam Bridge to St. Nicholas Place, at the top of the bluff, with "the necessary abutments, arches over intersecting avenues, and approaches thereto for the passage of animals, vehicles, and traffic." Plans and specifications for the viaduct were prepared and duly approved, and the viaduct was constructed in accordance therewith. The street and avenue are each 100 feet in width. The platform of the viaduct, embracing a carriageway of paving blocks and sidewalks of asphalt, is 63 feet wide. It is built upon two lines of iron columns, each one foot and six inches square, resting on the roadway of the street below. The columns are 40 feet apart, measured from center to center across the roadway, and 43 feet longitudinally. There is a space of about 10 feet between the columns and the curb on either side. The southerly edge of the platform above is distant 18 feet and 3 inches at right angles from the northerly line of the plaintiff's premises. The platform over Eighth avenue is widened for the distance of 80 feet, forming a quadrilateral 160 feet in length up and down Eighth avenue, and 60 feet in width, of the same character and method of construction as the main platform. At this point and in front of the plaintiff's premises the platform is about 50 feet above the surface of the original street. Two of the columns supporting the platform are on the sidewalk of Eighth avenue, about 15½ feet from the line of plaintiff's land, and the platform over Eighth avenue is 10 feet distant, at right angles from the line of his premises. The viaduct slopes from west to east from the bow of the hill to the level or the roadway of McComb's Dam Bridge. A stairway extends from the platform of the viaduct, within the lines of 155th street, to the southwesterly corner of 155th street and Eighth avenue, for the use of pedestrians in ascending or descending, and a similar stairway opposite, on the northerly side of the street. There is also another platform constructed over 155th street and Eighth avenue on a level with the elevated railway station connecting with these stairways, and thus affording access to the station. The sur-

face of the street below, as it existed prior to the construction of the viaduct, has not been changed, and it remains open and unobstructed for public travel, except by these stairways and pillars.

The structure undoubtedly somewhat interferes with ingress and egress to and from plaintiff's premises, and with light and the circulation of air, but, in our opinion, these constitute damnum absque injuria. The structure was authorized and has been constructed for the purpose of facilitating public travel on 155th street—a purpose for which the city holds the fee to that street in trust. The Legislature evidently deemed that on account of the elevation of this bluff, the difficulty, if not impossibility, of constructing the street up the bluff, and the elevation of the bridge at the easterly end of the street, the convenience of the public would be best subserved by having a roadway and sidewalks above, as well as a roadway and sidewalks below, and having them connected by stairways. The street overhead as well as that on the natural surface of the ground has been constructed and used exclusively for public travel and for ordinary street uses and purposes. At common law an abutting owner has no redress for the incidental damages sustained by him by any improvement made in the street to facilitate public travel therein, even though the improvement may consist of a serious change of grade of the street, rendering his property inaccessible. In these cases he has no remedy, unless the Legislature sees fit to authorize the payment of his damages. In the case at bar the Legislature passed a special act designed to afford the plaintiff relief by compensation for the damages sustained. Chapter 512, p. 1100, Laws 1894. Whether the act will be effectual for that purpose is of no importance in the determination of the question now presented. The plaintiff has no easement for light, air, and access, as against the public, which will enable him to enjoin the making of any changes or alterations in the street authorized by the Legislature to facilitate public travel. This being the character of the improvement made, the action cannot be maintained, and the complaint was properly dismissed.

It follows that the judgment should be affirmed, with costs. All concur.