In the Matter of the Application of ONE HUNDRED AND
FORTY-NINTH STREET REALTY COMPANY, Respondent, for
a Peremptory Writ of Mandamus to Be Directed to WILLIAM
A. PRENDERGAST, as Comptroller of the City of New York,
Appellant.

First Department, November 9, 1917.

Highway Law — damage caused by change of grade — interest on
award — statute authorizing interest is retroactive — municipal
corporations — section 951, charter of city of New York, con-
strued — said section does not repeal provisions of Highway Law
— computation of interest on award.

Section 59a of the Highway Law, providing that an award for damages
caused to real estate by a change of street grades shall bear interest from
the time of the change of grade to the time of the payment of the award,
is retroactive.

The amendment to section 951 of the charter of the city of New York,
made by chapter 516 of the Laws of 1916, which, among other things,
provides that the liability for compensation for damages caused by a
change of grade shall be governed by the laws in force at the time the
change of grade was completed and accepted by the city authorities,
did not annul the provision for interest contained in section 59a of the
Highway Law as the charter provision itself mentions the computation
of interest.

Said section 951 of the charter was intended merely to preserve the right
to damages where such existed prior to the enactment of the charter
of 1897 and to exclude the possibility of creating such right where none
had theretofore existed, so that if at the time the change of grade was
effected there was no law awarding damages therefor there can be no
liability under said act.

Where a change of grade was completed in 1906, at which time there was
no statute authorizing the payment of interest on awards, the interest
to be computed under the subsequent statute (Highway Law, § 59a)
should date from the time the change of grade was completed until the
time the award is paid.

APPEAL by the defendant, William A. Prendergast, as
comptroller, from an order of the Supreme Court, made at the
New York Special Term and entered in the office of the clerk
of the county of New York on the 6th day of August, 1917,
granting relator's motion for a peremptory writ of mandamus

requiring the appellant to pay a change of grade award with interest from the date of the commencement of the work to the date of the payment of the award.

*Charles J. Nehrbas,* for the appellant.

*John M. Harrington,* for the respondent.

SMITH, J.:

The relator filed with the board· of assessors of the city of New York a claim for damages to its property located at the northwest corner of One Hundred and Forty-ninth street and St. Ann's avenue, caused by the city's changing the grade of East One Hundred and Forty-ninth street and St. Ann's avenue, in the borough of The Bronx. On July 6, 1917, the board of assessors made an award to the relator in the sum of $3,000. The relator claims also to be entitled to interest on this award from the date of the commencement of the work down to the time of payment of the award. The defendant contends that no interest is payable.

The work in connection with the change of grade was commenced on or before December 30, 1904, and was completed November 10, 1906. At that time there was no law providing for the payment of interest on awards. In 1910, however, section 59a was added to the Highway Law (Consol. Laws, chap. 25 [Laws of 1909, chap. 30], as added by Laws of 1910, chap. 701), which provides: "Whenever awards shall be lawfully made, pursuant to any statute of this State, for damages sustained by real estate or any improvements thereon by reason of any change of grade of any street, avenue or road in front thereof, the award for the principal amount of damages sustained shall bear interest at the rate of six per centum per annum from the time of the change of grade to the time of the payment of the award."

This law was enacted to remedy the defect of failure to provide for the payment of interest in statutes awarding damages for changes of grade, and has been held to be retroactive (*People ex rel. Central Trust Co.* v. *Prendergast,* 202 N. Y. 188); hence, respondent was thereunder entitled to interest on its award. By chapter 516 of the Laws of 1916, section 951 of the Greater New York charter (Laws of 1901, chap. 466) was

amended to read as follows: " All cases where a change of grade of any street or avenue has been made prior to the taking effect of this act shall, as to the liability to make compensation for damages caused by such change of grade, be governed by the laws in force at the time such change of grade was completed and accepted by the city authorities.   *   *   *   The board of assessors shall compute interest upon awards made by it, at the rate of six per centum per annum, from the time of the completion and acceptance of the grading of the street to the date set in the published notice for the hearing upon objections to the assessment."

The appellant contends that under the first sentence above quoted, no interest is payable on the award in question by reason of the fact that at the time of the completion of the change of grade in 1906 there was no law in force providing for the payment of interest.   But under the act of 1910 the relator was, as before stated, entitled to be paid interest on its award.   The 1916 amendment itself dealt with the subject of interest, and had the Legislature intended to revoke the right to the payment of interest given by the 1910 enactment, it doubtless would have expressly so provided. Section 952 of the charter provides that " The foregoing section [951] shall not be construed to authorize the making of an award for loss or damage caused by change of grade in any case in which an award could not legally be made under laws existing immediately previous to the passage of this act."

We are of opinion that the provision of section 951 under consideration was intended merely to preserve the right to damages where such existed prior to the enactment of the charter of 1897 (Chap. 378), and to exclude the possibility of creating such right where none had theretofore existed; so that if at the time the change of grade was effected there was no law awarding damages therefor, then there would be no liability whatsoever under the act.   It remains then only to decide as from what date the interest runs.

The wording of amended section 951 of the charter quoted above specifically provides for the payment of interest from the " time of the completion and acceptance of the grading."

It follows, therefore, that the order appealed from should be modified so as to provide for the payment of the said

award of $3,000, together with interest thereon at six per cent per annum from November 10, 1906, to the time of payment of said award and as so modified affirmed.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Order modified as stated in opinion and as modified affirmed. Order to be settled on notice.