In the Matter of the Petition of the STATE COMMISSION OF
HIGHWAYS, under Section 90 of the Railroad Law, for a
Determination as to the Manner in Which State Highway
No. 5459 (Route 5, Section 7) Shall Cross the Tracks of
the Ulster and Delaware Railroad in the Town of Roxbury,
Delaware County.

THE ULSTER AND DELAWARE RAILROAD COMPANY, Appellant;
THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW
YORK FOR THE SECOND DISTRICT, Respondent.

Third Department, March 6, 1918.

Railroads — construction of highway across tracks — apportionment
of expense — accounting — claim by railroad against Commission
of Highways or State — right of railroad to interest upon claim.

Although the statute (Railroad Law, § 94, as amended) makes no provision
for interest where it is the Commission of Highways or the State which
fails to pay its proportionate share for the construction of a highway across
the tracks of a railroad company, it contemplates the payment of interest
up to the time when the accounting has been actually completed, where
the railroad corporation has acted in good faith. The interest is a part
of the cost or expense of the work and where the accounting is delayed
by reason of mutual mistakes there is no reason why it should not be
allowed.

APPEAL by The Ulster and Delaware Railroad Company
from an order of the Public Service Commission of the State
of New York, Second District, entered in the office of said
Commission on the 17th day of April, 1917, wherein it was
determined that the final settlement in this proceeding should
be made upon the basis of interest computation to January
1, 1917.

*H. H. Flemming*, for the appellant.

*Ledyard P. Hale*, for the Public Service Commission.

WOODWARD, J.:

This proceeding was begun by the service upon the appel-
lant, by the State Commission of Highways, of a notice
under section 90 of the Railroad Law (Consol. Laws, chap.

49 [Laws of 1910, chap. 481], as amd. by Laws of 1914, chap. 378), of the intention to lay out a new piece of highway across the tracks of the appellant at Hubbel's Corners, town of Roxbury. All of the proceedings were had according to law resulting in the change of the crossing, the accounts of the various parties to the proceeding have been adjusted, and the appellant was paid the full amount of its claim, less certain interest, and the only question presented by this appeal is the right of the appellant to interest upon its claim from the 1st day of January, 1917, to the 29th day of June, 1917, when the amount was paid.

Section 94 of the Railroad Law (as amd. by Laws of 1915, chap. 240) provides (Subd. 6) that in carrying out the provisions of section 90 the work shall be done by the railroad company, and that the expense of construction shall be borne primarily by the railroad corporation, while the expense of acquiring additional lands, rights or easements, in the case of a State or county highway, is to be met from funds in the control of the Commission. By subdivision 7 it is provided that "Upon the completion of the work and its approval by the Public Service Commission an accounting shall be had between the railroad corporation and the municipal corporation or the State Commission of Highways of the amounts expended by each with interest, and if it shall appear that the railroad corporation or the municipal corporation or the State Commission of Highways has expended more than its proportion of the expense of the crossing as herein provided a settlement shall be forthwith made in accordance with the provisions of this section. * * * All items of expenditure shall be verified under oath, and in case of a dispute between the railroad corporation and the municipal corporation or the State Commission of Highways as to the amount expended, any judge of the Supreme Court in the judicial district in which the municipality or the State or county highway is situated may appoint a referee to take testimony as to the amount expended, and the confirmation of the report of the referee shall be final. In the event of the failure or refusal of the railroad corporation to pay its proportion of the expense, the same with interest from the date of such accounting may be levied and assessed upon

the railroad corporation and collected in the same manner that taxes and assessments are now collected by the municipal corporation within which the work is done; and in the event of the failure or refusal of the municipal corporation to pay its proportion of the expense an action may be maintained by the railroad corporation for the collection of the same with interest from the date of such accounting, or the railroad corporation may offset such amount with interest against any taxes levied or assessed against it or its property by such municipal corporation."

The scheme of the statute, as between the railroad corporation and a municipal corporation is clear. The statute provides. for an accounting as between them (as well as between the railroad corporation and the Commission of Highways) in which the items of expenditure must be given under oath, and these items are to be " with interest." When this accounting has been accomplished, and the account is made up, with interest, if either the railroad or municipal corporation fails or refuses to pay the amount provision is made by which the payment may be enforced with certainty, " with interest from the date of such accounting." That is, the interest, up to the time of the accounting, is merged in the account; it becomes a part of the indebtedness. (*Devlin* v. *Mayor, etc.*, 131 N. Y. 123, 125.) The accounting merges the claim and interest into a single item, with much of the character of a judgment, and it is then provided that in the event of a failure or refusal to pay, either party may proceed in a manner to insure the collection of the amount, with interest from the date of the accounting.

The same method of procedure is followed in determining the amount to be paid by the Commission of Highways; the account is to be itemized and allowed with interest, and then subdivision 8 of section 94 provides that " The State's proportion of the expense of changing any existing grade crossing or the structure of any existing crossing above or below grade shall be paid by the State Treasurer on the warrant of the Comptroller, to which shall be appended the certificate of the Public Service Commission to the effect that the work has been properly performed and a statement showing the situation of the crossing or structure that has been changed,

the total cost and the proportionate expense thereof; and the money shall be paid in whole or in part to the railroad corporation or to the municipal corporation as the Public Service Commission may direct, subject, however, to the rights of the respective parties as they appear from the accounting or intermediate accounting to be had as hereinbefore provided for."

The statute has specially provided for interest subsequent to the accounting in these two cases, but has made no provision for interest where it is the Commission of Highways (or the State) which fails to pay, for the reason, no doubt, that the State is always prepared to pay when the conditions named in the statute have been complied with, and only an incidental delay would be expected. We are of the opinion, however, that up to the time that the accounting has been actually completed, where the railroad corporation has acted with good faith in the premises, the statute contemplates the payment of interest. It is a part of the cost or expense of the work, and where the accounting is delayed by reason of mutual mistakes, as in the instant case, there would seem to be no good reason why interest should not be allowed. The Commission, in its opinion (*Petition of State Highway Commissioner*, 12 State Dept. Rep. 375), says that it is its custom to fix a reasonable time after the completion of the accounting, at which time interest ceases to run, and if this had been done in the present case we should be inclined to hold that the statute had been complied with. But it was not done; the railroad corporation appears to have proceeded with diligence in the matter of bringing about an adjustment, and we are of the opinion that it was entitled to have interest computed up to the time that the accounting was actually accomplished. The revised account appears to have been submitted to the Public Service Commission on or about the 19th of March, 1917, and taking into consideration the delays incident to proceedings of this nature, we think it not improper to figure the interest up to the first day of April. The State had had the use of the railroad corporation's money up to that time, no doubt, in the ordinary course of business; it was not, in fact, paid until the 29th day of June, 1917.

The order of the Public Service Commission should be

reversed, and the matter should be returned to the Commission to adjust the interest in harmony with this opinion, with costs to the appellant.

All concurred.

Order of the Public Service Commission reversed, with ten dollars costs and disbursements, and the matter remitted to the Commission to adjust the interest in harmony with the opinion herein.