In the Matter of the Application of GERTRUDE CRANE, as Administratrix of the Estate of GEORGE W. SAUER, Deceased, Appellant, for a Peremptory Writ of Mandamus against CHARLES L. CRAIG, as Comptroller of the City of New York, Respondent.

New York city — change of grade — when interest on award governed by section 59-a of Highway Law — right to interest does not begin until there is actual change of grade — acceptance of principal and part of interest not a bar to claim for balance.

1. The Consolidation Act (L. 1882, ch. 410, § 873), read in connection with chapter 701 of the Laws of 1910 (Highway Law, § 59-a), gave an abutting owner in the city of New York the right to damages for a change of grade, with interest on the award from the time of the change of grade to the time of payment of the award, and such rights, preserved in full force and effect by the charter (L. 1897, ch. 378; L. 1901, ch. 466), were unaffected by amendments thereto regarding interest, adopted in 1916 and 1918, which had reference only to awards made in accordance with and under section 951 of that act.

---

*Affirmed by U. S. Supreme Court April 18, 1921.

2. The right to interest, however, does not begin until there has been an actual change, a physical change of grade, and where, though it is conceded that the work was commenced on a certain date and carried on continuously until completed, there is nothing in the record to · show what changes took place in the street, or whether enjoyment of the property was materially interfered with, or whether during the duration of the work the grade of the street was materially changed, and if so at what time, it must be held that the change of grade did not take place until the completion of the work and that claimant is only entitled to interest from that date to the date of payment.

3. The fact that claimant has been paid principal and interest up to the date of acceptance of the work does not bar her from recovering additional interest to the date of payment of the award. The statute specifically allowed interest. The interest was, therefore, a part of the relator's claim, and acceptance of principal and part of the interest did not extinguish it. (*People ex rel. City of N. Y.* v. *Dickey*, 163 App. Div. 948; 212 N. Y. 602; *Gas Engine & Power Co.* v. *City of N. Y.*, 166 App. Div. 297; 218 N. Y. 661, distinguished.)

*Matter of Crane* v. *Craig*, 193 App. Div. 791, modified.

(Argued January 17, 1921; decided March 8, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 12, 1920, which affirmed in part and reversed in part an order of Special Term granting a motion for a peremptory writ of mandamus to compel the comptroller of the city of New York to pay to the relator additional interest on an award made for the change in the grade of a street.

The facts, so far as material, are stated in the opinion.

*John M. Harrington* and *Herbert H. Gibbs* for appellant. The appellant's award for the principal amount of damages sustained was made, not pursuant to charter section 951, but pursuant to section 873 of the Consolidation Act (L. 1882, ch. 410); and, consequently, the appellant should recover, as part of the compensation allowed by statute, interest in accordance with the provisions of the general interest statute applicable to change of grade awards, to wit, Highway Law, section 59-a (L. 1910, ch. 701). (*Matter of 149th St. Realty Co.* v. *Prendergast*, 179

App. Div. 786; 222 N. Y. 654; *People ex rel. Reichardt* v. *Craig,* 190 App. Div. 933; 228 N. Y. 562; *People ex rel. Central Trust Co.* v. *Prendergast,* 202 N. Y. 188; *Ettor* v. *Tacoma,* 228 U. S. 148; *Westervelt* v. *Gregg,* 12 N. Y. 202; *Muhlker* v. *New York & H. R. Co.,* 197 U. S. 544; *People ex rel. Crane* v. *Ormond,* 221 N. Y. 283.) The general interest statute applicable to change of grade awards, namely, Highway Law, section 59-a (L. 1910, ch. 701), is not inconsistent with and has not been repealed or modified by charter section 951 in respect of interest upon an award, like the appellant's that does not represent damages occasioned by a grading of a street. (*People ex rel. Central Trust Co.* v. *Prendergast,* 202 N. Y. 188; *Smith* v. *Corporation of Washington,* 20 How. [U. S.] 135; *Ryan* v. *City of Dubuque,* 112 Iowa, 284; *City of Leavenworth* v. *Rankin,* 2 Kan. 352; *Davis* v. *City of East Saginaw,* 66 Mich. 37; *Matter of Bissell,* 57 App. Div. 61.) The payment to the appellant of part of the compensation allowed by statute does not bar the recovery of the balance remaining unpaid. (*People ex rel. Reichardt* v. *Craig,* 228 N. Y. 562; *Matter of Murphy* v. *Prendergast,* 99 Misc. Rep. 326; 179 App. Div. 904; *Shepard* v. *City of New York,* 216 N. Y. 251.) The appellant became entitled, by force of Laws of 1910, chapter 701 (Highway Law, § 59-a), to recover, as part of the compensation allowed by statute, interest upon her award from October 4, 1890 (the date the change of grade damage accrued), to October 29, 1918 (the date of part payment); and, consequently, inasmuch as she has received only part of her statutory compensation, she is entitled to recover the balance remaining unpaid on said October 29, 1918. (*People ex rel. Reichardt* v. *Craig,* 228 N. Y. 562; *Matter of Van Cortlandt* v. *Prendergast,* 52 N. Y. L. J. 1749; *People ex rel. City of New York* v. *Dickey,* 163 App. Div. 948; 212 N. Y. 602; *Gas Engine, etc., Co.* v. *City of New York,* 166 App. Div. 297; 218 N. Y. 661; *Johnson* v. *Pettit,* 120 App. Div. 774.)

*John P. O'Brien, Corporation Counsel (Charles J. Nehrbas* of counsel), for respondent.  The applicant is entitled to no interest other than that already paid by the comptroller. (*People ex rel. Chadel* v. *Seaman,* 168 App. Div. 67; 216 N. Y. 649; *People ex rel. Crane* v. *Ormond,* 221 N. Y. 283; *People ex rel. Crane* v. *Hahlo,* 228 N. Y. 309; *Matter of 149th St. Realty Co.* v. *Prendergast,* 179 App. Div. 786; 222 N. Y. 654.)   The applicant lost any right to further interest by accepting, without protest, the amount tendered by. the comptroller. (*Hamilton* v. *Van Rensselaer,* 43 N. Y. 244; *Cutter* v. *Mayor, etc.,* 92 N. Y. 166; *Grote* v. *City of New York,* 117 App. Div. 768; 190 N. Y. 235; *Shepard* v. *City of New York,* 216 N. Y. 251; *People ex rel. Reichardt* v. *Craig,* 190 App. Div. 933; 228 N. Y. 562; *Matter of Murphy* v. *Prendergast,* 99 Misc. Rep. 326; *Matter of Mayor, etc.,* 40 App. Div. 281; *Matter of Riverside Park,* 59 App. Div. 603; *People ex rel. Central Trust Co.* v. *Stillings,* 136 App. Div. 438; 198 N. Y. 504; *People ex rel. Central Trust Co.* v. *Prendergast,* 202 N. Y. 188.)

CRANE, J.   This case has been here before (*People ex rel. Crane* v. *Ormond,* 221 N. Y. 283).   We then held that the viaduct constructed at One Hundred and Fifty-fifth street and Eighth avenue was a change of grade within the meaning of section 873 of chapter 410 of the Laws of 1882 (New York Consolidation Act), and that it was the duty of the assessors to estimate the damages suffered by the abutting owners and to make an award therefor.   One of these owners was George W. Sauer, who died intestate on March 8, 1905.   Gertrude Crane; the applicant, was appointed and duly qualified as administratrix of his estate.   After our decision, the assessors on October 1, 1918, made an award to the administratrix in the principal sum of $42,000 together with $63,750 interest computed by them from the time of the completion and acceptance of the work, namely,

October 2, 1893, to the date set in the published notice for the hearing upon objections to said award, namely, October 1, 1918. This interest was computed in accordance with the provisions of section 951 of the Greater New York charter, as amended by the Laws of 1918, chapter 619. The pertinent part reads as follows: " Interest upon such awards shall be payable at the rate of six per centum per annum from the time of the completion and acceptance of the grading of the street to the date set in the published notice for the hearing upon objections to such awards." The award has been paid and accepted.

This application is for additional interest running from August 4, 1890, when the work under said contract was begun, up to October 2, 1893, when it was completed and accepted, and for another item of interest from October 2, 1918, the time for hearing objections, to October 29, 1918, the time of the payment of the award. The claim is made under chapter 701 of the Laws of 1910 which amended the Highway Law (Cons. Laws, ch. 25) by adding the following section:

" Section 59-a. Interest on damages for change of grade. Whenever awards shall be lawfully made, pursuant to any statute of this state, for damages sustained by real estate or any improvements thereon by reason of any change of grade of any street, avenue or road in front thereof, the award for the principal amount of damages sustained shall bear interest at the rate of six per centum per annum from the time of the change of grade to the time of the payment of the award."

The Appellate Division took the view that the provision of the charter, above quoted, amended or superseded this provision of the Highway Law and that as to the award in question it was the charter, and not the Highway Law, which should govern the computation of interest.

*Up to this act of 1910,* no interest was allowed upon

awards for change of grade. (*People ex rel. Central Trust Company of N. Y.* v. *Stillings*, 136 App. Div. 438; affd., 198 N. Y. 504.) In fact there were no damages allowed for change of grade unless specifically provided for by statute. (*Radcliff's Executors* v. *Mayor, etc., of Brooklyn*, 4 N. Y. 195; *Sauer* v. *City of New York*, 90 App. Div. 36; affd., 180 N. Y. 27; 206 U. S. 536.)

The change came with the statute amending the Highway Law, as above stated, so that after 1910 all proceedings taken under the act of 1882 (the charter of the city of New York) carried interest on the awards " from the time of the change of grade " to the " time of the payment of the award." This was the rule after the adoption of the Greater New York charter in 1897 down to the amendment of that charter by chapter 516 of the Laws of 1916. (*Matter of 149th Street Realty Co.* v. *Prendergast*, 179 App. Div. 786; affd., 222 N. Y. 654.)

The right given by the Laws of 1882 to recover damages for change of grade was preserved to abutting owners in full force and effect by the Greater New York charter. Section 951 of that act, headed " Award of damages for changes of grade; liability in such cases," opens with these words: " All cases where a change of grade of any street or avenue has been made prior to the taking effect of this act shall, as to the liability to make compensation for damages caused by such change of grade, be governed by the laws in force at the time such change of grade was completed and accepted by the city authorities." This saving clause was probably deemed appropriate as material changes were made by the charter in the rule of damage to be applied thereafter. The law of 1882 was, therefore, preserved in full force and effect and as above stated when the right to recover interest was given by the Laws of 1910. The Laws of 1882, read in connection with the Laws of 1910, gave the abutting owner the right to damages and interest on the award from the time of change of grade to the

time of payment of the award. This was a full and complete remedy in itself applicable to the claimant's situation here, and in no way affected by the subsequent amendments of the Greater New York charter in 1916 and 1918.

I have said that a change was made by the Greater New York charter in the nature of the awards to be made for change in grade taking place after 1897. By section 951 it was provided that "After the taking effect of this act an abutting owner who has built upon or otherwise improved his property in conformity with the grade established by lawful authority, and such grade is changed after such buildings or improvements have been erected, and the lessee thereof, shall be entitled to damages for such change of grade. * * * Except as herein provided, there shall be no liability for originally establishing a grade or for changing an established grade." Damages allowed were those to buildings and improvements. Under the New York Consolidation Act (Laws of 1882, chapter 410), the property owner was entitled to an award for damage to land as well as buildings. Here, therefore, were two separate and distinct remedies. The award made to Sauer, the abutting owner, or his administratrix, the relator herein, was for damages allowed by the act of 1882, and carried interest pursuant to the Highway Law, above quoted. The provisions regarding interest, adopted in 1916 and 1918 by amendments of the Greater New York charter, had reference to the awards made in accordance with and under section 951 of that act.

A similar application of chapter 701 of the Laws of 1910 was made to an award under the amendment to the Rapid Transit Act, chapter 540 of the Laws of 1913. (*People ex rel. Reichardt* v. *Craig,* 190 App. Div. 933; affd., 228 N. Y. 562.) The awards were made for damage resulting from change of grade of streets in New York city. Interest was allowed by the city in accordance

with the charter provisions but the courts gave further interest under chapter 701 of the Laws of 1910. The latter enactment was held to be the one applicable.

Our conclusion, therefore, is that the plaintiff was entitled to interest under the provisions of the Highway Law from the time of the change of grade. This does not mean, however, that she is entitled to interest from the date as claimed by her in her application. The record shows that it was admitted and conceded on behalf of the relator and on behalf of the city of New York that " on August 4, 1890, work under said contract was begun and such work was carried on continuously until such viaduct was completed and duly accepted by the authorities of the city of New York on October 2, 1893." What the nature of the work was that was commenced and what changes took place in the street are not stated. Whether or not the enjoyment of the property was materially interfered with is not stated. Whether during this time the grade of the street was in fact materially changed, and if so, at what time is not stated. Interest is only allowable, as has been stated, according to the terms and provisions of some statute, and this statute says that the interest shall run from the *time of the change of grade.*

The right to interest does not begin until there has been an actual change, a physical change of grade. Prior applicants have apparently interpreted this law as meaning the time when the work was completed, not necessarily accepted. Thus in the matter of a change of grade of One Hundred and Thirty-eighth street (*People ex rel. Reichardt* v. *Craig,* 190 App. Div. 933; affd., 228 N. Y. 562), a reference to the appeal book will show that interest was claimed from the completion of the work. Also in *Matter of Murphy* v. *Prendergast* (99 Misc. Rep. 326, 329; affd., 179 App. Div. 904) interest was claimed from the time the work was completed although the work was commenced the year before. While these matters

are in no way conclusive they instance that other applicants in reading this statute have understood it to mean that the change of grade took place when the change was physically made and that, generally, at the time of completion. In the absence of any other facts than those given in the record before us, we are forced to the conclusion that the change of grade did not take place until the completion of the work on October 2, 1893. This in no way conflicts with the case of *People ex rel. City of New York* v. *Dickey* (163 App. Div. 948; affd., 212 N. Y. 602). That was not a case of interest or interpretation of the Highway Law. The question was as to the person entitled to the award. It was determined that the person who owned the property at the time the changes were being made and the damages suffered, did not lose his right to an award by a transfer of the property. Neither is *Gas Engine & Power Co.* v. *City of New York* (166 App. Div. 297; affd., 218 N. Y. 661) an authority under the facts of this case. We do not say that interest must always run from the date of actual completion. When it appears that substantial damage has been caused by actual changes which took place prior to full completion a different conclusion may be reached. In other words, a change of grade is a question of fact which, in this case by reason of the stipulation, appears to have taken place on October 2, 1893. As this is the date on which the work was also accepted, it makes no difference in result whether the charter provision or the Highway Law applies.

The applicant, however, is entitled to interest from October 2, 1918, until October 29, 1918, the date of payment, and we so hold.

A question has been raised as to whether or not the acceptance of the principal and interest as awarded has barred the relator from recovering this additional interest. The decisions of this court upon the question of when an acceptance of the principal sum due bars a subsequent claim for interest, may be difficult to reconcile.

The rule, however, appears to be that where the interest is not payable by the terms of the contract, but is simply allowable as damages for the default in payment, then the interest is not regarded as a part of the debt, but as a mere incident to it, and the receipt of the principal bars a subsequent claim for the interest for the reason that in such cases interest being a mere incident, cannot exist without the debt, and the debt being extinguished the interest must necessarily be extinguished also. (*Stewart* v. *Barnes*, 153 U. S. 456.) But where interest is specifically reserved by the instrument and forms an integral part of the debt, the rule is different for then the acceptance of the principal without the interest does not extinguish the debt, and the mere acceptance of part, either of principal or interest, does not bar a subsequent claim for the whole, whether with or without protest, for the payment of part is not generally a satisfaction of the whole, unless there is an agreement of some kind that the payment made should be a satisfaction of the whole. (*Fake* v. *Eddy's Exr.*, 15 Wend. 76; *Southern Cent. R. R. Co.* v. *Town of Moravia*, 61 Barb. 180; *New York Trust Co.* v. *Detroit, etc., Ry. Co.,* 251 Fed. Rep. 514, 517; *Davis* v. *Harrington*, 160 Mass. 278; *King* v. *Phillips*, 95 N. C. 245.)

In this case the statute specifically allowed interest. The interest was, therefore, by analogy of reasoning, a part of the relator's claim. Acceptance of principal and part of the interest did not extinguish the claim. (*People ex rel. Central Trust Co.* v. *Prendergast,* 202 N. Y. 188; *Devlin* v. *Mayor, etc., of New York*, 131 N. Y. 123; *Smith* v. *City of Buffalo*, 39 N. Y. Supp. 881; *Hobbs* v. *United States*, 19 Ct. of Claims Rep. 220.)

In *Matter of Murphy* v. *Prendergast* (99 Misc. Rep. 326; affd., 179 App. Div. 904) this same question of waiver was presented to the court for decision. The leading authorities in this state were reviewed and it was held that the interest added to the amount of an award for

change of grade was· in reality a part of the compensation and in no sense damages for failure to pay.

The affirmance of the Appellate Division being unanimous, application was made to this court in October of 1917 for leave to appeal and denied. Our judgment at that time was that the lower courts had properly disposed of this question of interest, and that there was no waiver by accepting the principal without the interest under the facts of the case.

The order of·the Appellate Division, therefore, should be modified so as to allow interest on award from October 2, 1918, to October 29, 1918, and as thus modified affirmed, with costs to respondents.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Ordered accordingly.