In the Matter of the Application of the SYRACUSE TRUST COMPANY, as Trustee of the Trusts Created by RICHARD MATHER and Others, etc., for a Peremptory Order of Mandamus against WILLIAM S. PUGH, as Comptroller of the City of Utica.

Supreme Court, Special Term, Oneida County, June 19, 1926.

**Municipal corporations — change of grade of street in city of Utica — interest on award — interest commences to run from date city began to lower sidewalk — interest continued to run until petitioner refused to accept amount of principal award — Second Class Cities Law, Laws of 1923, chap. 658, and Highway Law, § 59-a, apply.**

The owner of property in the city of Utica who was awarded damages arising out of the change of grade of a street, is, under the Second Class Cities Law, chapter 658 of the Laws of 1923, and section 59-a of the Highway Law, entitled to interest on the amount of the principal award from the date when the city began to lower the sidewalk in front of its premises to the time when the owner refused to accept the amount of the principal award which was tendered to it by the proper municipal authorities.

APPLICATION for peremptory order of mandamus.

*Estabrook & Estabrook* [*William H. Harding* of counsel], for the petitioner.

*Clarence E. Williams*, for the respondent.

LEE, J.  The petitioner asks for a peremptory order of mandamus to compel the comptroller of the city of Utica, N. Y., to pay the sum of $125,291.31 as an award to it for damages in a change of grade proceeding, and asks for interest at the rate of six per cent from December 15, 1923, to the date of the payment of the award. The respondent states that the city of Utica has been ready, willing and able to pay the principal sum of the award since April 15, 1926.  Respondent contends that no interest should be allowed on the award, and further contends that, if interest was to be allowed, it should commence on the 7th day of June, 1924, when the lowering of the sidewalks in front of petitioner's premises was actually completed to meet the change of grade of the paved area in front of said sidewalks.

It is my opinion that the petitioner is entitled to interest on the amount awarded to it as damages in the sum of $125,291.31, with interest thereon from and including the 24th day of March, 1924, to and including the 21st day of April, 1926, or interest for two years and twenty-eight days, being a total sum as interest of $15,619.66.  March 24, 1924, the date upon which said interest is to commence running, was the date when the respondent com-

menced the lowering of the sidewalks fronting petitioner's premises, and was the date which this court finds petitioner was substantially damaged in the enjoyment of said premises by reason of such change of grade. April 21, 1926, or the last day upon which interest is allowed, was the date that the representatives of the petitioner wrote to the attorneys for the respondent, advising them that they were insistent upon payment of interest when the award was paid. The letter of April 21, 1926, and their subsequent letter of May 11, 1926, inclosing voucher, were in effect a refusal to accept the principal sum of the award, unless interest was paid with it. The representatives of the petitioner were advised by letter on April 19, 1926, that the respondent had sold bonds, and the proceeds were turned into the city treasury, and that they were ready to pay out the money.

The change of grade in question was made pursuant to the Second Class Cities Law, and the amount ascertained as damages was made under section 8 of article 6 of chapter 658 of the Laws of 1923 and acts amendatory and supplementary thereto. Hence the award to the petitioner was made pursuant to a statute of this State, and section 59-a of the Highway Law (added by chapter 701 of the Laws of 1910) provides for interest on the principal amount of damages sustained at the rate of six per cent per annum from the time of the change of grade to the time of the payment of the award.

The respondent contends that the law in question does not affect the city of Utica. In my opinion the statute quoted is a general law, and applies to the city of Utica, as well as all other cities, villages, towns and counties of the State. Judge VANN, writing for the Court of Appeals in *People ex rel. Central Trust Co.* v. *Prendergast* (202 N. Y. 188, 194), stated in reference to the statute in question: " The act, however, does not amend a local law and it is not a local but a general law, for it applies to awards made pursuant to any statute of the state for damages sustained by reason of any change of grade of any street, avenue or road in the state."

The statute states that the interest shall run " from the time of the change of grade." Judge CRANE, writing for the Court of Appeals, in *Matter of Crane* v. *Craig* (230 N. Y. 452, 460), referring to the statute in question, said: " We do not say that interest must always run from the date of actual completion. When it appears that substantial damage has been caused by actual changes which took place prior to full completion a different conclusion may be reached. In other words, a change of grade is a question of fact  *  *  *."

The affidavit submitted by the attorney for the respondent shows that the change of grade proceeding in the case at bar,

in addition to changing the grade of Genesee street between certain points in the city of Utica, N. Y., also included the lowering of the sidewalks fronting the premises of petitioner and others to meet the change of grade of the paved area of the street. There is not anything before this court to determine whether or not enjoyment of the property of petitioner was materially interfered with until there was a lowering of the sidewalk. It would appear that the substantial damage to petitioner's property had been caused when actual changes took place in lowering the sidewalk fronting their premises, and prior to the full completion of the lowering of same. Hence, in my opinion, the interest on the award of the petitioner should commence on the 24th day of March, 1924, when the city of Utica commenced the lowering of the sidewalks fronting petitioner's premises to meet the changed grade of the paved area of the street. Convincing authorities of this State hold that interest added to the amount of an award for change of grade is in reality a part of the compensation, and is in no sense damages for failure to pay. Hence interest should not be allowed until there was an actual physical change of grade, substantially injuring the enjoyment of petitioner's property and materially interfering with the enjoyment of that property.

The statute provides that the amount of the award for the principal sum of damages shall bear interest from the time of change of grade to the time of the payment of the award. In my opinion the statute contemplates that interest should be paid up to the time of the payment of the award, or to such time as the party obligated to pay should make a legal tender of the principal sum so awarded, or to the time when the person entitled to the principal sum of the award refuses to accept the principal sum, or waives the offer of a tender of such principal award. It appears that the final report of the commission which made the award filed its report under date of January 16, 1926, and that prompt steps were taken for a public hearing. The report and awards of the commission were confirmed and ratified by the common council of the city of Utica, which promptly took steps to authorize the issuance and sale of the city's bonds in an amount sufficient to cover the principal sums of the awards made. No provision was made by the commission in the awards for interest, and the city in the sale of their bonds did not raise any money for the purpose of paying interest on the awards. No provision was made for interest in the statute under which the commissioners made the principal award. The respondent, through its attorney, on the 19th day of April, 1926, advised the attorneys representing

the petitioner that the city of Utica was ready and willing to pay the principal sum of their award, although the respondent has never consented to the paying of any interest. The petitioner, through its attorneys, by their letter of April 21, 1926, in effect refused to accept the proposition of the respondent paying the amount of the principal award, unless interest was paid with same. The attorneys for the petitioner forwarded to the attorney for the respondent on May 11, 1926, a voucher for the principal sum of the award, which voucher also included interest from June 7, 1924, to May 11, 1926, the date of such voucher.

Such refusal of petitioner to accept the principal sum of the award after receiving the letter of April 19, 1926, amounted to a waiver of a tender of the principal sum of such award, and amounted to a waiver of interest from April 21, 1926, when by their letter petitioner's representatives in effect refused to accept the principal award, unless interest was paid with it. The petitioner could have received the principal sum of the award without extinguishing its claim to interest thereon. (*Matter of Crane* v. *Craig, supra*, 461.) There is no doubt that the petitioner could have received the principal sum of its award by payment thereof on April 21, 1926, had it so elected.

Therefore, the motion of the petitioner for a peremptory order of mandamus is granted, the same to be directed to William S. Pugh, as comptroller of the city of Utica, N. Y., directing him to pay as such comptroller the sum of $125,291.31 forthwith to the petitioner. The city of Utica should take prompt steps to provide for the payment of the interest allowed on such award, and such order shall direct the comptroller of the city of Utica, N. Y., to pay the sum of $15,619.66, allowed as interest, as soon as moneys become available therefor. The petitioner herein is to accept said principal sum of the award from the funds now available, and to accept the interest on said award as soon as funds become available therefor.

This court is convinced that the refusal of the respondent to pay interest on the award was entirely in good faith, as the statute under which the award was made did not have a provision for interest. Therefore, no costs are allowed.