Donald S. Taylor, J.
In this action, the facts of which concededly are not in dispute, the plaintiffs sue the defendant to recover interest at the statutory rate for the period between January 12, 1955 and July 18, 1956 on an award of $6,000 made to them as riparian owners abutting the Never sink River in Sullivan County by commissioners of appraisal appointed in proceedings instituted by the defendant for the acquisition of an additional water supply. The defendant moves for summary judgment pursuant to rule 113 of the Rules of Civil' Practice and the plaintiffs cross-move for similar relief.
The commissioners’ award was confirmed by order of this court dated September 10, 1954 and entered in the Sullivan County Clerk’s office on December 7, 1954; the plaintiffs on December 27, 1954 filed and served a notice of appeal from the • order of the Special Term to the Appellate Division of the Supreme Court for this judicial department; on December 30, 1954 the comptroller of the defendant city notified the plaintiffs’ attorney by mail that a warrant in payment of the award, including statutory fees and interest to January 12, 1955, would be ready for delivery to the plaintiffs, or. their representative, at the Municipal Building in the borough of Manhattan on January 5, 1955; before delivery of the warrant would be made the defendant required that the claimants execute a receipt which provided that the warrant was ‘ ‘ in full payment of above account ’ ’; the plaintiffs did not appear at the time and place specified in the notice to receive the comptroller’s warrant; the parties had no further communications which pertained to its delivery or the payment of the award until immediately prior to the institution of this action some 17 months later; the Special Term was affirmed by order entered in the Sullivan County Clerk’s office on May 28, 1956; on June 11, 1956 the plaintiffs filed the necessary settlement papers with the comptroller who on June 20, 1956 forwarded to their counsel a warrant which included interest computed to January 12, 1955; counsel returned the warrant on the ground that interest was *1011 due to the date of payment; thereafter this action was instituted and a stipulation entered into by the parties which provided that payment of the amount of the warrant might be accepted by the plaintiffs without prejudice to their claim for additional interest. The foregoing is a resume of the uncontroverted facts.
The plaintiffs contend that the notification by the comptroller of the defendant dated December 30, 1954 did not meet generally the recognized standards of a valid tender of the payment of the award and that compliance with the receipt requirement would have vitiated their right to prosecute their pending appeal.
The defendant’s position is that the plaintiffs are estopped to claim further interest because they ignored the notification of the city official to come to the place designated by him at the time which he specified to receive the warrant and to execute the pertinent receipt. It argues that then and there the plaintiffs would have learned of the policy of the city comptroller to permit a claimant to accept payment of the undisputed amount and simultaneously to protect his right of appeal by adding to the receipt by means of a rubber stamp the words “ except the right to additional compensation on pending appeal.” It should be noted that it is not contended by the defendant that this special practice was known to the plaintiffs or their counsel or that its availability was ever communicated to either of them.
Apparently, there is no provision in the Administrative Code of the City of New York governing condemnation procedure in respect to the acquirement of riparian rights for its water supply which fits a situation such as this. (See Administrative Code, § K41-17.0; cf. § B15-29.0.) In the absence of such, other methods by which a valid tender may be accomplished are applicable. The defendant could have limited its liability for interest by a common-law tender, by a payment on account without prejudice to the plaintiffs’ right to prosecute their appeal, or by the payment of the amount of the award into court. (Civ. Prac. Act, §§ 174-a, 174-b; Davison v. Klaess, 280 N. Y. 252, 263; Prager v. New Jersey Fid. & Plate Glass Ins. Co., 245 N. Y. 1.) The defendant adopted none of them. Instead, it required the execution by the plaintiffs of the receipt which in haec verla would have jeopardized the plaintiffs’ appeal. (Matter of Crane v. Craig, 230 N. Y. 452, 460; Grote v. City of New York, 190 N. Y. 235; Cutter v. Mayor of City of N. Y., 92 N. Y. 166; Mirabelli v. City of New York, 262 App. Div. 60; Matter of City of New York [Westchester Ave.], *1012 217 App. Div. 381, 385.) The plaintiffs were not compelled to accept a tender which posed that threat.
The cases cited by the defendant are distinguishable since either they turn on the question of a claimant’s failure to make a statutory demand for the payment of interest (see, e.g., Matter of City of New York [Chrystie St.], 264 N. Y. 319; Matter of Rose, 266 App. Div. 975) or of his refusal to accept an untrammeled tender of payment. (See, e.g., Matter of Board of Water Comrs. of White Plains, 132 App. Div. 75, affd. 195 N. Y. 502, motion for rearg. denied 196 N. Y. 517; Matter of Syracuse Trust Co. v. Pugh, 128 Misc. 63.)
The defendant’s claim that it would be coercive, unconscionable and inequitable to require the payment of interest beyond January 12, 1955 is also unsubstantial. It must be remembered in this connection that while the dispute in the appellate court as to the adequacy of the award was going on, the defendant had title to and possession of the plaintiffs’ property and, after the award was confirmed, also its definitive monetary equivalent. The plaintiffs were without either. If the defendant chose unconcernedly to retain the latter pending the appeal from the order of confirmation, it cannot complain that it must now pay interest thereon.
The cross motion of the plaintiffs for summary judgment against the defendant in the sum of $363.96 is granted, with taxable costs, and the motion of the defendant for summary judgment is denied.
Submit order.