LAMBETH ROPE COMPANY *vs.* ARTHUR A. BRIGHAM.

Suffolk.    January 19, 1898. — March 28, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Sale — Agency — Instructions — Evidence — Interest.*

At the trial of an action for the price of certain goods, the defendant contended that the goods were furnished by the plaintiff through the defendant as his agent, to be used by a third person under an arrangement that the defendant should not pay for the goods until he had collected the price from such person. The judge, after submitting this contention to the jury, with the statement that,

if the defendant bought the goods for the third person, they could not find that payment was to be postponed until after he had made his collection from such person unless there was an agreement to that effect, instructed them that "it would not follow that, because he was acting as an agent, he was not to pay for the goods until he collected his money"; but that, if he was an agent only and sold the goods for the plaintiff to a third person, who was disclosed to the plaintiff, the latter should look to the buyer and not to the defendant for his pay. *Held*, that the defendant showed no ground of exception.

The answer to an action for the price of certain ropes alleged that the defendant did not buy the ropes from the plaintiff, but sold them as the plaintiff's agent to a third person as being suitable in quality to do certain work; that through the plaintiff's fault the ropes were unsuitable in quality to do such work; that the buyer was dissatisfied with the ropes, and had not accepted them as fulfiling the contract; and that the defendant had not settled with the buyer for the goods, and nothing would be due the plaintiff until such settlement. At the trial, the defendant offered to prove "that two-inch diameter ropes are unfit to run in a one-and-three-quarter-inch diameter groove, and that the delivery of two-inch ropes is not a good delivery of ropes one and three quarters inches diameter." *Held*, that the evidence offered was rightly excluded.

Where a bill for goods sold contains on its face the words, "Terms thirty days," and the buyer makes no objection, his assent to such terms will be implied, and interest will begin to run after the expiration of the thirty days if the amount of the bill is not paid, in the absence of any express agreement as to the time when payment shall be made or when interest shall begin to run ; and the fact that in a subsequent statement of account interest is not charged will not, in the absence of a settlement upon the statement, deprive the seller of the right, in an action for the price of the goods, to recover interest according to the terms of the original contract.

CONTRACT, upon an account annexed, for the price of ropes alleged to have been sold and delivered to the defendant, and for interest. At the trial in the Superior Court, before *Bond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*W. H. Drury*, for the defendant.

*A. J. Selfridge*, for the plaintiff.

KNOWLTON, J. The exceptions in this case relate only to the first item in the plaintiff's account, and to the allowance of interest on sundry other items. In regard to the first item, the only exception to the instructions is to a single sentence. The defendant contended that the goods charged in that item, consisting of certain ropes, were furnished by the plaintiff through the defendant as its agent, to be used by another corporation, under an arrangement that the defendant should not pay for the goods until he had collected the price from the corporation receiving and using them. The judge, after submitting this contention to

the jury with a statement that, if the defendant bought the goods for the other corporation, they could not find that payment by him was to be postponed until after he made his collection from the other corporation unless there was an agreement to that effect, continued his instructions as follows : " Now, there is one other question that is involved here, perhaps the claim is on the part of the defendant that he was acting as an agent. It would not follow that because he was acting as an agent he was not to pay for the goods until he had collected his money. If the defendant was a mere agent and nothing more, and was selling goods for his plaintiff company to different people, and he disclosed the party to whom he sold goods to the plaintiff, then he was not responsible for the goods at all. . . . Now if that was the arrangement between this plaintiff and this defendant, then this plaintiff should look to the Argo Mills for the pay ; if that was all there was to it, if he was the mere agent, and disclosed who the party was who bought the goods, this plaintiff should look to that person, and not to the agent," etc. This distinction was further explained to the jury at considerable length, and we are of opinion that they could not have failed to understand it. The only part of the instruction objected to is the second sentence above quoted. This taken by itself alone might be misleading, but is not necessarily erroneous. One who was engaged in introducing the goods of a certain manufacturer under an arrangement that he should buy the goods and sell them to those who would use them might be in a certain sense an agent of the manufacturer for the introduction of the goods, although he would be liable as a purchaser for those that he bought, without reference to the time when he collected the price from his own customers. But the sentence objected to was immediately followed by an explanation which gave the defendant the full benefit of the defence that he bought merely as an agent.

The only other exception specially bearing upon this item is to a refusal by the judge of the defendant's offer to prove " that two-inch diameter ropes are unfit to run in a one-and-three-quarter-inch diameter groove, and that a delivery of two-inch ropes is not a good delivery of ropes one and three quarters inches diameter." The last part of this offer was to prove a fact so obvious that the court would have given it to the jury

as an instruction in matter of law if there had been an issue to
which it was applicable, and the fact referred to in the first part
of the offer would hardly seem to need proof, but might be sup-
posed to be within the common knowledge of the jury.    Assum-
ing that this fact properly might be proved upon an issue to
which it was applicable, we are of opinion that there was no
such issue before the jury.

The only part of the answer under which it can be argued
that the question is open is as follows :. " He denies the whole
of item one of the account annexed to said declaration, and says
he did not buy from the plaintiff the goods mentioned in said
item, but that he sold said goods for the defendant as its agent,
on commission, to the Argo Mills Co., delivered and put on and
suitable in quality to run and do the work of transmitting power
in a reasonably satisfactory manner, in the place in which they
were to be put ; that through fault of the plaintiff said goods
were unsuitable in quality to run and do the work aforesaid ;
that said Argo Mills Co. is dissatisfied with said goods, and has
not accepted them as being in fulfilment of the contract on which
they were sold ; that the defendant has not yet settled with said
Argo Mills Co. for or concerning said goods, and that nothing is
due the plaintiff on said goods, and nothing will be due the plain-
tiff thereon until said Argo Mills Co. shall be settled with for
or concerning said goods."    Although these averments indicate
a possible defence by the purchaser against the plaintiff, the
substance of them is that the defendant was not the purchaser,
but sold only as agent for the plaintiff, and that he had been un-
able to obtain any money as proceeds of the sale on the plain-
tiff's account.    The defendant's offer of proof was immaterial to
the defence that he sold only as the plaintiff's agent, and was
not himself a purchaser.    There is nothing in the bill of excep-
tions to show that the defendant at any time sought to present
to the jury the issue whether he might recoup in damages for
breach of an implied warranty as to the kind or quality of the
goods.    There was no request for rulings upon this subject.
The defendant testified to certain facts, which have some ten-
dency to show that, if he had been alert in the protection of his
rights, he might have defended on this ground, but his letter to
the plaintiff, which he introduced, appears upon all the evidence

to have been his first intimation that the goods were not according to the contract, and it bears date May 23, 1896, a year or more after the goods were delivered, and more than six months after the commencement of this suit to collect the balance of an account for goods sold amounting to $4,615.55, nearly nine times as much as the amount of this item. The only specific objection to the ropes of which there was any testimony, was that some of them were two inches in diameter and all of them one and seven eighths inches in diameter, when they should have been only one and three quarters inches in diameter. They were furnished by contract for an agreed price. If the ropes were larger and heavier, and for that reason presumably more costly, than the contract called for, the difference was discoverable at once. The letter makes no reference to these variations from the contract, and neither the letter nor the defendant's oral testimony states any other particulars in regard to their quality or alleged defectiveness. Except this proof offered and rejected, the defendant introduced all the evidence he chose to, and if there was anything in the case which opened to him a defence growing out of the alleged defects in the ropes, it might have been argued without the offered proof, almost if not quite as well as with it. There was no attempt to make such an argument or to present such an issue to the jury, and we are of opinion that the defendant did not properly raise it by the answer, or raise it or intend to raise it by the evidence.

It is not contended that, if he was the purchaser and not a mere agent, he could escape altogether from liability for the ropes after retaining them and using them a year without objection.

The only other exception relates to the instruction in regard to interest. It appeared that the plaintiff was accustomed, when it sent the goods, to send a bill of them, on the face of which were the words, " Terms thirty days." The judge instructed the jury as follows: " Now if all of those bills for these goods were in this form, terms stated at thirty days, and the party took the goods with that upon it and made no objection to that in any way, it would be an implied agreement that that was the time within which the goods were to be paid for, and that if they were not paid for, after that time interest would begin to run by

way of damages from the expiration of the thirty days." There is no evidence of any express agreement in regard to the time when the goods should be paid for, nor in regard to the time when interest should begin to run.

We are of opinion that the instruction was correct. In the absence of any agreement, the price of the goods would be payable on delivery. The parties could make any agreement about it that they chose to make. If the plaintiff notified the defendant that it was willing to give him a credit of thirty days on each bill, and that the price would be payable at the expiration of that time, it was a proposition in the defendant's favor, and if he made no objection his assent would be implied, and he would be bound by the contract. The fact that in subsequent statements interest was not charged was evidence that the plaintiff was then willing to waive its legal right to interest; but in the absence of a settlement upon the statement, it would not deprive it of its right in this suit to recover interest according to the terms of the original contract.            *Exceptions overruled.*