58　　231
a172 NY 598

MASONS' SUPPLIES COMPANY, Respondent, *v.* ROLAND D. JONES, Appellant; HENRY L. FRIDENBERG, as Assignee, etc., of the MANHATTAN CONCRETE COMPANY, Respondent, and WILLIAM N. WIGHT, Defendant.

*Mechanic's lien filed by a materialman — when a judgment that a balance, after payment of the lien, be paid by the owner to the contractor is unauthorized — waiver of the owner's right to object thereto.*

A person, who had filed a mechanic's lien for material furnished by him to a building contractor, brought an action against the contractor's assignee for the benefit of creditors and the owner of the property to foreclose the lien, alleging in his complaint that, at the time of the filing of the lien, there was due to the contractor from the owner a sum in excess of the plaintiff's claim. The answer interposed by the owner denied that anything was due from him to the contractor under the contract, and alleged that only a specified sum, much less than the amount claimed, was due to the plaintiff. The answer interposed by the assignee alleged that there was due to the contractor from the owner a sum considerably in excess of the plaintiff's claim and demanded judgment that the court adjust and determine the equities of all the parties to the action, and the order of priority between the plaintiff and any other persons claim-

ing to be lienors, and for such further judgment, decree or order as might be necessary to protect his rights.

The court found that there was due from the owner to the contractor a sum in excess of the plaintiff's claim, and directed a sale of the premises and that the referee pay from the proceeds thereof to the plaintiff the amount of his lien and to the assignee the balance of the amount due from the owner to the contractor.

*Held,* that as the contractor had filed no lien and the assignee's answer had not been served upon his co-defendant, the court had no power to grant an affirmative judgment in favor of the assignee against the owner;

That the owner did not waive his right to insist that the assignee's answer had not been served upon him by permitting, without objection, evidence to be admitted on the trial as to the amount due from him to the contractor, such evidence being competent upon the issue between the plaintiff and the owner.

Appeal by the defendant, Roland D. Jones, from a judgment of the Supreme Court in favor of the plaintiff, and the defendant Henry L. Fridenberg, as assignee, etc.; of the Manhattan Concrete Company, entered in the office of the clerk of the county of New York on the 11th day of May, 1900, upon the decision of the court rendered after a trial at the New York Special Term.

*J. Alexander Koones,* for the appellant.

*George B. Dunn,* for the respondent Masons' Supplies Company.

*A. A. Michell,* for the respondent Henry L. Fridenberg, assignee.

Ingraham, J.:

The action was brought to foreclose a mechanic's lien and was tried at Special Term. The trial judge filed a short decision under section 1022 of the Code of Civil Procedure, which did not state separately the facts found. The appellant filed a general exception to such decision, and under this section of the Code this court is required to review all questions of fact and law, and the whole case, therefore, is before us for review. The complaint alleges that the defendant Jones was the owner of the property described in the complaint, and that he entered into a contract with the defendant the Manhattan Concrete Company, who agreed to erect the partitions and do the necessary cementing and plastering connected therewith for a building then in course of erection upon the said premises, and that thereafter the plaintiff, at the request of the said Manhattan Concrete Company, furnished to such company certain building materials at an agreed price of $3,614.96, of which the sum of

$1,114.96 was paid, leaving due to the plaintiff the sum of $2,500; that the Manhattan Concrete Company performed the contract on its part, and that at the time of the filing of the lien there was due and owing to the concrete company a sum in excess of the plaintiff's claim, and that the Manhattan Concrete Company made a general assignment for the benefit of its creditors to the defendant Fridenberg. The defendant Jones answered this complaint; denied that there was due to the plaintiff from the concrete company the sum of $2,500, and that all the materials furnished by the plaintiff were actually used in the erection and construction of the building, but admits that certain materials of a less value than alleged were furnished to the plaintiff with the knowledge and consent of the defendant, and were used in the erection of the said building; denies that the Manhattan Concrete Company performed its contract or that there was due an amount sufficient to cover the claim of the plaintiff from Jones, and for a separate defense alleges that the plaintiff was paid for all materials furnished by it and used in the erection and construction of the defendant's building, except materials of the value of $268.49; that there was due to the plaintiff only that sum, and that there was nothing due from the defendant Jones to the Manhattan Concrete Company under the said contract. The defendant Fridenberg, as assignee, answering the complaint, alleges that at the time of the assignment of the Manhattan Concrete Company to him there was due to the said company from the defendant Jones the sum of $3,070 for work done by the concrete company, and demands judgment that the court adjust and determine the equities of all the parties in this action, and the order of priority between the plaintiff and any other persons claiming to be lienors, and for such further judgment, decree or order as may be necessary to protect his rights. The court found that it had been established that there was due to the plaintiff from the Manhattan Concrete Company the sum of $2,499.50, and that there was due from Jones to the Manhattan Concrete Company the sum of $3,070.61, and that the plaintiff was entitled to judgment establishing its liens and for the recovery of $2,499.50, and interest, and that the defendant Fridenberg, as assignee of the company, was entitled to judgment against Jones for the balance due the Manhattan Company

after deducting the amount due the plaintiff, and ordered a sale of the premises described in the complaint under the direction of a referee, and that the said referee from the proceeds of such sale pay to the plaintiff the amount of the plaintiff's lien, and further pay to the defendant Fridenberg, as assignee, as aforesaid, the amount due to the Manhattan Company under the contract; and from this judgment the defendant Jones appeals.

It is difficult to see by what authority the court rendered any judgment in this case in favor of the defendant Fridenberg, the assignee of the Manhattan Concrete Company, the contractor for this building. There is no claim that either this company or Fridenberg had filed any notice of lien or had in any other way acquired the right to share in the proceeds of the sale of the premises, but the judgment directed the payment to Fridenberg, as assignee of the contractor, of the surplus which might be left after the application of the proceeds of the sale to the satisfaction of the plaintiff's lien. There was a dispute between the builder and the contractor as to the amount due to the latter for his work. In the absence of any lien, the owner was entitled to a trial by jury in any action brought to establish the claim of the contractor against him, but no opportunity for such a trial was ever afforded to him. Even if such a right did not exist, and Fridenberg might have been able, without establishing his claim against the owner in an action at law to obtain a portion of the surplus upon some principle which is not stated, yet, certainly, in order to do this he must comply with the procedure which is established by the Code of Civil Procedure where one defendant seeks affirmative relief against another. In such a case the law requires that the defendant who desires the determination of a right asserted by him against another defendant, must demand it in his answer, and must at least twenty days before the trial serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination. (Code Civ. Proc. § 521.) The answer of Fridenberg demands no determination as against the owner of any right that he claims upon this contract. He alleges that there was due to him upon the contract the sum of $3,070.61, and he asks that the court adjust the equities of the parties to the action in such fund of $3,070.61, and the order of priority between the plaintiff and the other persons

claiming to be lienors, and that he may have such further judgment as may be necessary to protect his rights in the premises. When it is considered that, so far as the recovery of this sum from the plaintiff is concerned, he had no right whatever in this action, it can hardly be said that his demand asks for any determination between the defendant Jones and himself.

But if it did, he has not complied with the Code by serving a copy of his answer upon the defendant Jones, and, therefore, unless in some way his default in that regard has been excused, he has no right to an affirmative judgment against him. But it is suggested that Jones waived his right to insist that the answer of Fridenberg had not been served upon him by voluntarily proceeding with the trial of the action and litigating the question what, if anything, was due from the contractor to him. It is said that this waiver consisted in his sitting by and without objection permitting evidence to be admitted on the trial as to the amount due from him to the contractor.

No work was done by the contractor after October, 1898. The notice of the lien of the materialman was not filed until November 30, 1898. All that he could claim in this action was what was due and unpaid to the contractor at the time when the notice of the lien was filed (*Heckmann* v. *Pinkney,* 81 N. Y. 211; *Larkin* v. *McMullin,* 120 id. 206), and to enable the plaintiff to recover it was necessary for him to establish that a certain sum of money was due to the contractor at that time. Jones by his answer denied that anything was due, so that between him and the materialman the question of the amount due to the contractor, assignor of Fridenberg, was a material question and one absolutely necessary to be determined to establish the plaintiff's rights. If Jones had objected to the evidence on that subject his objection would necessarily have been overruled. A waiver is an intentional abandonment of a known right. It cannot be said that Jones, who was litigating with the plaintiff a question material to the issue between them, consented that another issue between himself and Fridenberg, not necessary to the decision of the case, and of which he had no notice, should be determined and decided in this action.

As to the judgment in favor of the plaintiff establishing and enforcing its lien against the premises, we have come to the con-

clusion that it should be affirmed. The question of fact as to whether the concrete company had performed its contract was sharply litigated upon the trial, and upon conflicting evidence the court found that the contract was substantially performed and that an amount was due to the concrete company, which was unpaid, in excess of the amount due to the plaintiff, and that the plaintiff had furnished materials for the completion of such contract to the amount specified. We think there was evidence to sustain these findings, and that upon the facts as thus found the plaintiff was entitled to the judgment awarded to it.

The notice of lien was clearly sufficient under the statute. It complied with section 9 of the Lien Law (Laws of 1897, chap. 418). There was no error in rulings upon questions of evidence to which our attention has been called, and upon the whole case we think the judgment in favor of the plaintiff should be affirmed.

The judgment appealed from is, therefore, modified by striking out the provision therein directing the payment to the defendant Fridenberg, and as modified affirmed, with costs to the appellant against the defendant Fridenberg, as assignee, and with costs to the plaintiff against the appellant Jones.

PATTERSON, RUMSEY and HATCH, JJ., concurred.

Judgment modified by striking out the provision directing the payment to the defendant Fridenberg, and as modified affirmed, with costs to appellant as against the defendant Fridenberg, as assignee, and with costs to the plaintiff as against the appellant Jones.