FROMENT et al. v. OLTARSH.

(Supreme Court, Appellate Term.   June 30, 1908.)

INTEREST—SEPARATE RECOVERY.

> Plaintiffs, having received payment of the principal of defendant's debt for goods sold and delivered, could bring a separate action for interest due under the contract.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Interest, §§ 140–144.]

> MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Frank L. Froment and others against David M. Oltarsh. From a judgment for plaintiffs, defendant appeals.   Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Frankenthaler & Sapinsky, for appellant.
Robert J. Mahoney, for respondents.

SEABURY, J.   The plaintiffs sold and delivered goods to the defendant, and received payment of the principal of the debt, and bring this action to recover the amount of interest which accrued upon it before the principal was paid.   Judgment was rendered in favor of the plaintiffs for interest on each item of goods sold for a period commencing 30 days after the delivery of each bill of goods.

The only question raised upon this appeal is whether the plaintiffs

were entitled to recover interest. The plaintiffs proved an agreement
by the defendant to pay interest. The appellant claims that the inter-
est cannot be separated from the principal, and that an independent ac-
tion cannot be brought for its recovery. He fails to distinguish be-
tween cases where interest is recoverable as damages and those cases
where interest is due upon a contract. In the latter class of cases a
separate action may be brought for the recovery of the interest due.
22 Cyc. 1570. The interest, which accrued upon the principal debt for
the goods sold, was an integral part of the debt itself, and the plain-
tiffs, having recovered only a part of the sum due them, should not be
deprived of the judgment which they have recovered for the balance.

The judgment is affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). The plaintiffs brought this action to
recover a sum certain as interest expressly agreed to be paid, as al-
leged, according to a contract for the purchase and sale of goods. The
plaintiffs concede payment of the principal sum. The testimony of
the senior partner of the vendor firm is very distinct that when the
contract was entered into the "terms stated were cash in 30 days, 30
days from time of delivery"; but of interest as a constituent part of
their contract there is no evidence. Subsequent promises, oral or writ-
ten, to the plaintiffs to pay interest upon an adjustment and settle-
ment of accounts, are not to be spelled retroactively into the terms of
the contracts of purchase and sale; neither are they to be enforced
as after promises, because they rest upon no consideration. No inter-
est appearing other than as mere incident, the receipt and acceptance
of the principal sum extinguished the right to interest thereafter, and
no action can be maintained herein to recover interest. "The reason
is that interest in such cases, being a mere incident, cannot exist with-
out the debt, and, the debt being extinguished, the interest must neces-
sarily be extinguished also." Southern Central R. R. Co. v. Town of
Moravia, 61 Barb. 180, 188.

The judgment herein in favor of the plaintiffs should therefore be
reversed.