ROBERT DAVISON et al., Doing Business under the Firm Name of CHARLES DAVISON'S SONS, Appellants, v. SYBILLA KLAESS, Respondent.

254

Argued March 1, 1939; decided April 11, 1939.

*Earl J. Bennett* for appellants. It was error for the Appellate Division to reverse the findings of fact and conclusions of law of the trial court and to allow the findings of fact and conclusions of law of the defendant. (*Bidwell* v. *Douglas Trading Co.*, 183 Fed. Rep. 93; *Guernsey* v. *Carver*, 8 Wend. 492; *Stevens* v. *Lockwood*, 13 Wend. 646; *Lennon Co.* v. *N. Y. Mail Co.*, 81 Misc. Rep. 251; *Darrow* v. *Clipper*

*Mfg. Co.*, 48 Misc. Rep. 635; *Beers* v. *Reynolds*, 11 N. Y. 97; *Blackwell* v. *Finlay*, 233 N. Y. 361; *Faber* v. *City of New York*, 222 N. Y. 255; *Smith* v. *Shaw*, 2 Wash. C. C. 167; *Story* v. *Livingston*, 13 Pet. [U. S.] 359; *Shepard* v. *City of N. Y.*, 216 N. Y. 251.) It was error for the Appellate Division to disallow the request of the plaintiffs to find and its conclusions of law in regard to the last two payments of five hundred dollars each made by the defendant. (*American Brake Shoe & Foundry Co.* v. *N. Y. Rys. Co.*, 85 Fed. Rep. [2d] 531; *Smith* v. *Taylor*, 79 Fed. Rep. [2d] 165.) The application of the payments made by the defendant actually took place when they computed the interest in 1936, when they applied the payments first to interest and any balance to principal, and made a demand for settlement. (*Bank of California* v. *Webb*, 94 N. Y. 467; *Dairymen's League Cooperative Assn.* v. *Hartford Acc. & Ind. Co.*, 252 App. Div. 527; *Camp* v. *Smith*, 136 N. Y. 187; *Praeger* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1; *American Brake Shoe & Foundry Co.* v. *N. Y. Railways Co.*, 85 Fed. Rep. [2d] 531; *Preston Co.* v. *Funkhouser*, 261 N. Y. 140; *Smith* v. *Taylor*, 79 Fed. Rep. [2d] 165; *Story* v. *Livingston*, 13 Pet. [U. S.] 359; *Smith* v. *Shaw*, 2 Wash. C. C. 167; *Ross* v. *Russell*, 31 N. H. 376; *Haffey* v. *Lynch*, 193 N. Y. 67; *Shepard* v. *City of New York*, 216 N. Y. 251.) Interest is now an incident to recovery on a contract whether liquidated or unliquidated, it is allowable to make a contractor whole and to give him just compensation. (Civ. Prac. Act, § 480; *Praeger* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1; *Woerz* v. *Schumacher*, 161 N. Y. 530; *Preston Co.* v. *Funkhouser*, 261 N. Y. 140; *Beers* v. *Reynolds*, 11 N. Y. 97; *Blackwell* v. *Finlay*, 233 N. Y. 361; *White* v. *Miller*, 78 N. Y. 393; *Faber* v. *City of New York*, 222 N. Y. 255.) Interest should be computed on the partial payment plan or method. (*Shepard* v. *City of New York*, 216 N. Y. 251; *Haffey* v. *Lynch*, 193 N. Y. 67; *Clift* v. *Moses*, 75 Hun, 517; *Merchants Bank* v. *Freeman*, 15 Hun, 359; *Story* v. *Livingston*, 13 Pet. [U. S.] 359; *Smith* v. *Shaw*, 2 Wash. C. C. 167; *Ross*

v. *Russell*, 31 N. H. 376.) Interest was not waived. Part payment on account did not cancel the principal *pro tanto*. (*Balfour & Koch Co.* v. *Ranow*, 127 Misc. Rep. 21; *Erie R. R. Co.* v. *Hilton*, 171 App. Div. 545; *Lennon Co.* v. *New York Mail Co.*, 81 Misc. Rep. 251; *Guernsey* v. *Carver*, 8 Wend. 492; *Darrow* v. *Clipper Mfg. Co.*, 48 Misc. Rep. 635; *Secor* v. *Sturgis*, 16 N. Y. 548.)

*Joseph S. Robinson* and *Edgar T. Beamish* for respondent. The acceptance of principal, without interest, bars a later action for interest on the amount already paid where interest is not an inherent part of the contract itself. (*Matter of Crane* v. *Craig*, 230 N. Y. 452; *Forschirm* v. *Mechanics & Traders' Bank*, 137 App. Div. 149; *Ledyard* v. *Bull*, 119 N. Y. 62; *Knickerbocker Portland Cement* v. *Rukeyser*, 169 App. Div. 168; *Hamilton* v. *Van Rensselaer*, 43 N. Y. 244; *Jacot* v. *Emmett*, 11 Paige, 142; *Esterly* v. *Cole*, 3 N. Y. 502; *Balfour & Koch Co.* v. *Ranow*, 127 Misc. Rep. 21; *Bronx Gas & Electric Co.* v. *City of New York*, 29 Misc. Rep. 402; *Rodkinson* v. *Haecker*, 248 N. Y. 480; *Cutter* v. *Mayor*, 92 N. Y. 166; *Grate* v. *City of New York*, 117 App. Div. 768; *Shepard* v. *City of New York*, 216 N. Y. 251; *Middaugh* v. *Elmira*, 23 Hun, 79; *Davis* v. *Harrington*, 160 Mass. 278; *Bradford* v. *Grover*, 55 Vt. 462; *Matter of Hodgman*, 140 N. Y. 421; *Smith* v. *Velie*, 60 N. Y. 106; *Hamilton* v. *Van Rensselaer*, 43 N. Y. 244; *Wood* v. *Hecker*, 2 Wend. 501.)

RIPPEY, J. Plaintiffs allege in their complaint, defendant admits in her answer or has conceded on the trial, and the lower courts have found that, between October 14, 1925, and August 18, 1926, plaintiffs delivered to defendant at her special instance and request certain lumber and building materials of the reasonable value and reasonably worth $7,686.54; that there was credited thereon $38.80, leaving a $7,647.74 balance due, for which plaintiffs rendered an itemized statement and bill to defendant on August 18, 1926, upon terms of payment stated in the bill to be " Cash — Accounts Overdue Subject To Interest." Throughout

all the transactions, defendant's son, a building contractor, was acting as her agent. Defendant paid to plaintiffs on account $162.99 on September 24, 1926. In July, 1931, plaintiffs pressed for payment of the balance due. On July 22, 1931, the son wrote plaintiffs that he had spoken to his mother and that " she was doing everything possible to settle the matter as soon as she could," and later wrote that " two thousand is all that she can have by the tenth, but she assures you that the balance will follow right along without delay." The $2,000 referred to was paid on October 12, 1931. Five hundred dollars was paid on January 22, 1932, and another $500 was paid on May 3, 1932. The payments as made were credited to defendant on plaintiffs' books. Interest was not from time to time computed and entered on the account by plaintiffs. On December 14, 1932, plaintiffs sent to defendant a statement of account without any specific computation of interest in any specified amount thereon, but the bill contained, as did the bill of August 18, 1926, the statement " Terms: Cash — Accounts Overdue Subject To Interest." This statement appears to be merely a list of debits and credits as appeared in the account on the books. On January 10, 1933, the son of defendant wrote plaintiffs: " Enclosed please find check as promised for $500.00 on my Mother's account. She will pay $500.00 or more every 6 months until debt is liquidated." That promise, in terms, was not kept, although there were paid the plaintiffs three additional sums during 1933 and 1934 of $500 each. On May 15, 1935, plaintiffs rendered a further statement containing an itemized list of debits and credits as shown by the books indicating a balance due on the original items of $2,484.75, with the statement " Accounts Overdue Subject To Interest." Defendant paid $500 on account on May 20, 1935, and another $500 on March 24, 1936. In July, 1936, defendant requested a statement of the balance due, whereupon, on July 24, 1936, plaintiffs rendered a statement showing a balance unpaid of $4,573.01, which included interest figured from August 18, 1926, on the partial-payment plan. Defendant refused to

pay any interest except on $1,484.75 from August 18, 1926, which she claimed was the sole amount due on the unpaid balance of the original bill. The issue here centers around the amount of interest to which plaintiffs are entitled.

There was no *express* agreement to pay interest. On August 18, 1926, the indebtedness was liquidated, the account stated and the amount due and owing definitely determined and agreed to be paid at that time in cash, but, if not then paid in cash, with interest to the dates of payment. The mere presenting of the bill, if there were nothing more, constituted a sufficient demand to start interest running (*Blackwell* v. *Finlay*, 233 N. Y. 361). The statement of account as rendered upon the terms stated was accepted by defendant and conceded by her to be correct and has never been disputed as to the amount then alleged to be due and never challenged as to interest thereon until ten years later when plaintiffs finally computed the balance of principal and interest due in compliance with defendant's request for a statement of the balance due for the purpose of finally settling the account. Upon the conceded facts, when the bill was rendered and accepted on the terms stated, there arose an *implied* contract to pay interest from August 18, 1926, upon each and every part of the account until paid as part of the original debt and interest became an integral part of the creditors' claim. (*Braun* v. *Hess & Co.*, 187 Ill. 283; *Lambeth Rope Co.* v. *Brigham*, 170 Mass. 518; approved, 172 Mass. 581, 583; *Carson* v. *Alexander*, 34 Miss. 528; *Matter of Crane* v. *Craig*, 230 N. Y. 452; *Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1.) " The debt by operation of law necessarily grew in amount as the duty of paying it was delayed, and cannot be legally satisfied except by the payment of the sum due upon it when it is attempted to be discharged " (*Chester* v. *Jumel*, 125 N. Y. 237, 254). Recovery of interest herein so far as allowed may properly have been based upon the proposition that interest was reserved in the statement rendered by plaintiffs and accepted by defendant on August

18, 1926, whereby it was mutually agreed that interest should be payable on any unpaid portion of the account as part of the original contract and debt.

Such being the contract between the parties and the applicable law, the agreement continued to remain as made unless it was changed or abrogated by mutual assent or plaintiffs were barred from recovering interest on the partial payments through waiver or estoppel. The defense to the payment of interest thereon was based *exclusively on the pleaded defense* that agreements were made between the parties on January 10, 1933, and on May 15, 1935, that no interest should be required to be paid on the partial payments. When, in an action at law, an interested party has adopted a theory for his case and the case is tried and disposed of by the trial court upon the theory advanced and that theory is adopted by the Appellate Division, it is too late to advance some different theory in this court. Plaintiffs produced oral evidence that no such agreements were made. The defendant produced no oral evidence at all on the trial. She relies exclusively as to the alleged agreement of January 10, 1933, upon a letter written on that date by the son of the defendant referred to above in which he says: " Enclosed please find check as promised for $500.00 on my Mother's account. She will pay $500.00 or more every 6 months until debt is liquidated." Upon that statement alone the Appellate Division has found, contrary to the finding of the trial judge, the undisputed testimony of one of the plaintiffs and the uncontradicted evidence that no such an agreement was carried out, that such an agreement was made and was valid and binding upon the plaintiffs and indicated mutual assent to the proposition that the original agreement should be modified, abrogated or rescinded as to that portion by which the parties mutually agreed that interest should be paid upon all unpaid balances on and after August 18, 1926, as part of the original debt. There is nothing in that transaction to indicate anything of the kind. Standing as it does alone and as pleaded, it indicates nothing further than what is said, to wit, that

partial payments will be made at stated times upon the account. The defense based upon the proposition that there was an agreement of modification on May 15, 1935, stems exclusively from the statement rendered by plaintiffs on that day. That statement is a summary statement of the bill of August 18, 1926, and of credits and payments made thereon with a statement at the bottom: "Bal. due $2484.75," but this statement contains the same reservation as the original statement of August 18, 1926, in these words: " Terms: Cash — Accounts Overdue Subject To Interest." The statement on the bill, " Bal. due," after which was indicated the balance unpaid on principal without including a statement of accrued interest, has no effect unless it led to the conclusion that the former contract for the payment of interest had been rescinded and a new one substituted by mutual assent. No inference can be drawn from that statement that the parties then mutually agreed to accept the balance due on the principal account without interest on previous or subsequent partial payments (*Lambeth Rope Co.* v. *Brigham, supra; Braun* v. *Hess & Co., supra*). The trial court found that no such agreements were made and that the original contract had not been varied or changed by the parties. That finding, although reversed by the Appellate Division, was in accord with the facts and the law. There was no evidence to the contrary. No offer or request was made by defendant to vary or modify the original contract nor did plaintiffs ever offer so to do. There is no evidence that either party ever had such a thing in mind.

The Appellate Division was further of the opinion that upon the statements rendered and the assumption that payments were made by defendant and voluntarily applied by plaintiffs on principal, the plaintiffs waived interest. A complete answer to the assertion of waiver is that it was not available as a defense since it was not pleaded. Aside from the fact, however, that waiver was neither pleaded nor relied upon by defendant and assuming that voluntary application by plaintiffs of partial payments was made to principal alone, waiver was not established

as a fact. Waiver is " voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed " (67 C. J. 289; *Masons' Supplies Co.* v. *Jones,* 58 App. Div. 231; affd., 172 N. Y. 598). Mere acceptance of partial payments and application thereof to principal with nothing more constituted no waiver of interest (*Purdy* v. *Philips,* 11 N. Y. 406). It is asserted that there was an implied waiver by sending the statement with the words " Bal. due " without including a computation of interest in the final amount stated. Whether an alleged waiver is express or implied, it must be *intentional.* There is no evidence that plaintiffs ever had such intent and intentional waiver of interest is completely negatived as the bills themselves all said " Accounts Overdue Subject To Interest." The last statement, like others sent, was merely a demand for payment showing the balance due on the principal items subject to interest and must have been so understood by defendant. Defendant was in no manner prejudiced by the statements and thus there could be no estoppel.

There was no agreement or understanding between the parties nor direction by the defendant as to how the partial payments should be applied. Plaintiffs might then apply them to principal or to interest or to both as and when they elected so to do. The original agreement as to payment of interest being such as indicated, it became immaterial whether plaintiffs accepted the partial payments and applied them exclusively on the principal indebtedness, for when interest is due by the terms of the contract the payment of the principal is no bar to its subsequent recovery (*People* v. *County of New York,* 5 Cow. 331; *Purdy* v. *Philips,* 11 N. Y. 406; *Shepard* v. *City of New York,* 216 N. Y. 251; *Matter of Crane* v. *Craig,* 230 N. Y. 452; *Nelson* v. *Chicago Mill & Lumber Corp.,* 76 Fed. Rep. [2d] 17; 100 A. L. R. 87, with annotation of cases from all jurisdictions to the same effect; 22 Cyc. p. 1572). In *Matter of Crane* v. *Craig* (230 N. Y. 452) CRANE, J., laid down the

rule for an unanimous court at page 461 that when the interest is reserved as an integral part of the debt "the acceptance of the principal without the interest does not extinguish the debt, and the mere acceptance of part, either of principal or interest, does not bar a subsequent claim for the whole, whether with or without protest, for the payment of part is not generally a satisfaction of the whole, unless there is an agreement of some kind that the payment made should be a satisfaction of the whole " (citing cases). In the Appellate Division the effect of that rule was confused with the rule applicable only where there is no original contract for the payment of interest. In the latter case recovery of interest is by way of damages or a penalty for breach of the contract to pay on a fixed date (*Ledyard* v. *Bull*, 119 N. Y. 62; *Matter of Trustees of N. Y. & Brooklyn Bridge*, 137 N. Y. 95, 98; *Matter of Crane* v. *Craig*, 230 N. Y. 452, 461), where the acceptance of a payment on the principal without charging interest extinguishes the interest on such payment to the extent thereof (*Bronner Brick Co.* v. *Canda Co.*, 18 Misc. Rep. 681; *Froment* v. *Oltarsh*, 60 Misc. Rep. 89; *Jacot* v. *Emmett*, 11 Paige Ch. 142; *Cutter* v. *Mayor*, 92 N. Y. 166, 171), but even then there must be affirmative acceptance of the payments as applicable to the principal of the debt only and the actual exercise by the creditor of the option. It is only in such a case that the form of the statements might have a bearing, if any at all, upon the right to recover interest by way of damages. The case of *Bank of California* v. *Webb* (94 N. Y. 467) is not in point and decides nothing to the contrary. In that case there was no agreement express or implied to pay interest.

It follows that nothing has transpired in the case at bar to abrogate or change the implied agreement to pay interest as part of the original debt which grew out of the rendering and acceptance of the statement of August 18, 1926. As matter of law, no such change resulted from the rendering of the bills or the dealings between the parties. No offer or request in any form was made by defendant to modify

or vary the original contract and there is no evidence that she ever had such a thing in mind, nor is there evidence that plaintiffs voluntarily offered to waive interest or had such a thing in mind. No consideration has been shown or exists as a basis for any alleged agreement by the plaintiffs to give up their legal contract right to recover interest upon the partial payments nor is there any evidence of a meeting of the minds of the parties upon any change or modification of the original contract.

If there ever was a case where the rule of " just compensation " and that interest should be added to make plaintiffs whole should be applied (*Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1), this is one, for while defendant failed to pay an agreed balance due, she has had the advantage and use of plaintiffs' building materials since 1926 and plaintiffs have been without the use of their money concededly justly due. Citing *Van Rensselaer* v. *Jewett* (2 N. Y. 135), Judge Cardozo, writing for an unanimous court in *Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.* (*supra*, p. 5), says: " While the dispute as to value was going on, the defendant had the benefit of the money, and the plaintiff was without it. Interest must be added if we are to make the plaintiff whole. * * * If it chose to keep the money, it should pay for what it kept. There would be obvious injustice if interest were to be lost as the result of a slight discrepancy between the claim and the award. * * * More and more the courts are coming over to the view that in actions on implied contracts to recover for services or property, interest is a concomitant very nearly automatic, and this though the value has been honestly disputed. Interest is now held to be an incident to ' just compensation ' where property has been taken in the exercise of the power of the government (*U. S.* v. *Rogers*, 255 U. S. 163; *Seaboard Airline Ry. Co.* v. *U. S.*, 261 U. S. 299). It is no less such an incident where liability has its origin in the obligation of a contract." And Judge Pound, writing for the court in *Preston Co.* v. *Funkhouser* (261 N. Y. 140), after citing the *Prager* case,

at page 145 says: " The party not performing should not deprive the party not in fault of the use of his money without paying therefor." These considerations of equity and justice are of equal force where the obligation to pay interest arises in contract (though not vital to the decision. here) and where interest is recoverable solely as damages for non-payment of the debt.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, J. (dissenting). Plaintiffs are dealers in building materials. Between October 14, 1925, and August 16, 1926, plaintiffs sold and delivered to the defendant building materials of the aggregate value of $7,686.54. In August, 1926, after the last delivery was made, plaintiffs rendered to the defendant an itemized account. The account rendered was upon a printed form which stated: " Terms cash — Accounts overdue subject to interest." The account showed that material of the value of $2,286.50 was delivered " as per contract October 14 /1925 / " denominated job No. 8; merchandise of the value of $1,995.83 was delivered as " per contract Dec. 2, 1925," denominated job No. 9, and merchandise of the value of $3,404.21 delivered as " per contract Jan. 18, 1926," denominated job No. 10. Credit was allowed for a small amount of material returned on job No. 10. The defendant did not challenge then, and does not challenge now, the correctness of the account rendered. Through her son as agent she paid $162.99 on account in September, 1926. She paid another $2,000 in October, 1931, and made eight payments of $500 each between January, 1931, and March, 1936. The defendant gave no express direction that payments on account should be applied upon the principal debt. Interest was running upon that debt from the date when the account was rendered. Application of payments made on account in reduction of the principal debt would correspondingly reduce interest thereafter accruing upon the unpaid debt. The plaintiffs were free to apply all payments made on account in reduction

of the principal debt, or they might, if they chose, apply such payments first upon interest which had accrued, and apply only the balance in reduction of the principal debt. The choice might be made at any time. (*Bank of California* v. *Webb*, 94 N. Y. 467.) The problem in this case is whether the plaintiffs exercised the choice and irrevocably applied, in reduction of the principal debt, all payments made by the defendant on account. If so applied, the principal debt was reduced to the sum of $1,484 and the defendant has tendered that amount with interest from August 18, 1926, the date when the account was first rendered.

The Appellate Division, reversing findings to the contrary made by the trial justice, has held that the plaintiffs did irrevocably apply upon the principal debt all payments on account. There is no controversy in regard to the evidentiary facts upon which the Appellate Division based its conclusions. The plaintiffs concede that no express agreement was ever made by the defendant to pay interest. They concede that at no time prior to October, 1936, was interest referred to in any conversation or in any written communication, except that each account rendered by the plaintiffs was upon a form or billhead upon which, under the name and description of the plaintiffs, the words " Terms cash — Accounts overdue subject to interest " were printed. Their claim rests largely, perhaps entirely, upon these words.

It is said that, by accepting the account rendered in 1926 without objection and making payments on account, the defendant impliedly agreed to pay interest upon the account. Undoubtedly the parties agreed that the account rendered correctly states the amount due from the defendant, and the defendant impliedly agreed to pay that amount. The law as an incident to a debt imposes an obligation to pay interest from the time of default. The statement upon the bill is merely a notice by the creditor that from failure to pay the account when due an obligation to pay interest will arise. It is difficult to understand how an *agreement* to pay interest can be implied from failure to object to an account rendered which correctly states the amount due and

the incidental obligation imposed by law in case of failure to pay that amount. Denial of the incidental obligation would not have served to free the defendant from it nor would acknowledgment of the obligation give to it any added force. The obligation to pay interest indisputably existed. It is unimportant whether it is created solely by law or based also on consent and agreement. The defendant does not deny the obligation. She maintains that she has satisfied it.

After the defendant paid $2,000 on account in 1931 and had made two payments of $500 each in 1932, the plaintiffs rendered a statement of the account as it then stood. The same notice that accounts not paid when due were subject to interest was printed upon the billhead. The account rendered stated that the $2,000 check received in 1931 was applied in payment of the sum of $1,995.83, the entire amount due for materials furnished on job No. 9, and that the remainder of the payments which had been received were applied on the amounts due for materials furnished on job No. 8, leaving a " Bal. due of 1119.34/100 " on that job and a balance of $3,365.41 still due for materials delivered on job No. 10. There is no room for dispute that this account was rendered and accepted as a correct statement of the account as it then stood. The parties agreed that the balances stated in the account were correct and had been arrived at by application of all payments, made on account, upon the principal debt as stated therein. It is an unequivocal statement by the plaintiffs that they had made such application; it is an unequivocal statement that as a result of such application the balance remaining due upon the original account is reduced to the sum of $4,484.75. Though the defendant had given no direction as to how such payments should be applied, she accepted the account and agreed to the correctness of the balance. There is no room here for recourse to technical rules as to how moneys paid on account may be applied where the parties have not agreed otherwise. Here application made by the creditor has been agreed to by the debtor, and by agreement the rights of both parties became fixed. In 1932 it appears

from incontrovertible evidence that the balance then still due upon the account rendered in 1926 was $4,484.75, and *that balance* was "subject to interest" in accordance with the law and the notice printed upon the billhead."

In 1935 after the defendant had made four more payments of $500 each on account, the plaintiffs again sent a statement of the account as it then stood. That account, like the account rendered in 1932, shows that the indebtedness of $1,995.83 for materials delivered on job No. 9 was extinguished by application of the first payment made on account, and that other payments on account were applied on jobs Nos. 8 and 10, leaving a "Bal. due of $2484.75." Again there was agreement by both parties in regard to the application of moneys paid on account and agreement that through such application the balance still remaining due on the original account rendered in 1926 has been reduced to $2,484.75. When shortly thereafter the defendant made two more payments of $500 each she could properly assume that even without directions from her the payments would be applied in accordance with the earlier practice of the parties established by agreement.

Only after such payments were made did the plaintiffs claim the right to apply payments on account in satisfaction of accrued interest. They had made their choice when the payments were received; they had notified the defendant of the choice made, and the defendant acquiesced; they had rendered accounts based upon that choice; they had stated the balance due, and the defendant accepted the account rendered and made payments thereon. It is too late to claim that no choice was made, after the plaintiffs reported the choice in an account upon which they intended the defendant to act. It is too late to repudiate the choice and change the account when the parties have acted upon it.

Judgment should be affirmed, with costs.

O'BRIEN, HUBBS and FINCH, JJ., concur with RIPPEY, J.; LEHMAN, J., dissents in opinion, in which CRANE, Ch. J., and LOUGHRAN, J., concur.

Judgment accordingly.