*1034 OPINION OF THE COURT
Howard Miller, J.
Motion by defendant for partial summary judgment is denied.
On January 20, 1998, plaintiff filed a chapter 7 petition in bankruptcy (11 USC § 701 et seq.) in which he listed as property in which he had an interest: “New York State Teacher’s Retirement System” and “New York State Public Employee’s Retirement System”. At his examination before trial, plaintiff testified that such interest related to his pension interests, and not those of defendant, who also had a pension with the New York State Teacher’s Retirement System, and a 403 (b) deferred compensation plan. Plaintiff was adjudicated bankrupt on May 29, 1998.
Defendant now moves for partial summary judgment declaring that plaintiff is barred from asserting any claim in this divorce proceeding for equitable distribution of her pension, deferred compensation plans and certain personalty in excess of the value listed in plaintiff’s bankruptcy petition, as a result of plaintiffs failure to list such claims in his bankruptcy petition, apparently on the theories of waiver and/or equitable estoppel.
In support of the motion, defendant relies upon several commercial cases (which are disparate from a claim asserted under Domestic Relations Law § 236 [B] [5]) and two unreported matrimonial cases, i.e., Gelber v Gelber (NYLJ, Dec. 17, 1996, at 28, col 3 [Sup Ct, Kings County, Yancey, J.]) and Finfer v Finfer (NYLJ, May 3, 1994, at 22, col 3 [Sup Ct, NY County, Silbermann, J.]).
In Gelber (supra), the husband transferred his interest in the marital residence to his wife on April 28, 1992. The husband filed a petition in bankruptcy on March 26, 1993 and did not claim any interest in the marital residence. The wife commenced an action for divorce in early 1993, but did not serve the husband within the 120-day period for service. A second action was commenced, and the husband served, on or about November 15, 1993. In the second action, the husband sought equitable distribution of the marital residence, but failed to amend his bankruptcy petition to list such claim prior to his discharge in bankruptcy on April 1, 1994. Thus, the court held that the husband was estopped from claiming any interest in the marital residence.
In Finfer (supra), an action for divorce had been commenced by the wife. In January of 1993, during the trial, the defendant *1035 husband filed a petition in bankruptcy. Defendant was discharged in bankruptcy on May 5, 1993. The court held that the husband’s failure to list any of the wife’s assets as marital property estopped him from making claim to those assets in State court.
In contrast, in a proceeding brought in the Bankruptcy Court under In re Frederes (141 Bankr 289 [WD NY 1992]), it was held that under New York law, a debtor has no vested legal or equitable property interests in a spouse’s assets until there is an actual judgment of divorce awarding distribution of marital property. Thus, a debtor’s claim to equitable distribution of marital property is not property of the debtor’s estate under 11 USC § 541 unless it had been reduced to judgment either at the time of filing of the petition or within 180 days thereafter.
The Gelber case (supra) is somewhat disparate from the case at bar in that the debtor husband’s transfer of his interest in the marital home to his wife before he filed for bankruptcy is some indicia of an attempted fraud upon his creditors, which is not present in this case for the reasons hereinafter set forth. In Finfer (supra), only the April 4, 1994 findings of fact and conclusions of law are provided to the court by defendant, and Justice Silbermann’s February 10, 1994 underlying decision after trial, upon which the findings are based, was not submitted. The findings of fact standing alone do not sufficiently detail the basis for the court’s finding of estoppel in Finfer and thus it cannot be determined whether the fact pattern of that case is similar to the case at bar.
In any event, the Gelber and Finfer cases (supra) are not binding on this court. The Frederes case (supra) is more align with the fact pattern of this case, and the principles underlying the theories of estoppel and waiver.
Estoppel may arise when a party relies upon the word or deed of another party and, in so relying, changes her position to her injury (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175). “It is imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party’s words or conduct, has been misled into acting upon the belief that such enforcement would not be sought [citation omitted]” (Nassau Trust Co. v Montrose Concrete Prods. Corp., supra, at 184). Defendant does not claim that she relied upon plaintiffs failure to list her pension or deferred compensation plans, or the parties’ personalty in excess of $3,000, in his *1036 bankruptcy petition, or that she was misled into taking any action in reliance thereon. The detriment, if any existed, would be to plaintiff’s creditors, and not to defendant.
A waiver is the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable (Nassau Trust Co. v Montrose Concrete Prods. Corp., supra, at 184, citing City of New York v State of New York, 40 NY2d 659, and Davison v Klaess, 280 NY 252). An interest of a debtor in community property is property of the bankruptcy estate only when it is (a) under the sole, equal, or joint management or control of the debtor; or (b) liable for an allowable claim against the debtor and the debtor’s spouse (11 USC § 541 [a] [2]). Neither defendant’s pension nor deferred compensation plans fall within this definition of the property of the bankruptcy estate. “There are no vested present or contingent property rights or interests, legal or equitable, in such marital property solely because it is marital property under the New York Domestic Relations Law” (In re Frederes, supra, at 291-292, citing In re Hilsen, 100 Bankr 708, 711 [SD NY 1989]). When the bankruptcy estate was fixed upon the filing of the petition, neither plaintiff nor his subsequent chapter 7 trustee had any basis for claiming a legal or equitable interest in defendant’s pension and deferred compensation plans (see, e.g., In re Hohenberg, 174 Bankr 487). Defendant’s interest, if any, did not vest within 180 days thereafter and, in fact, has not vested to date. Such interest was not, therefore, available to the trustee in bankruptcy at any time prior to defendant’s bankruptcy adjudication (In re Frederes, supra). Should plaintiff acquire any interest postbankruptcy, and well outside the 180 days provided for under 11 USC § 541 (a) (5), that interest does not automatically become part of the bankruptcy estate (In re Hohenberg, supra). Therefore, the failure to list such an interest, when it is questionable whether or not such listing was even required, cannot be considered an intentional waiver of a known right.
The value of the personalty is an issue of fact which must be proved by evidence in admissible form at the time of trial and is not amenable to summary judgment.